SARTAIN, Judge.
This is an action for workmen’s compensation. In the trial court there was judgment in favor of plaintiff-appellant, Sam W. Chase, and against H. B. Stewart d/b/a H. B. Stewart Plumbing and Heating Company and Hartford Accident and Indemnity Company (defendants-appel-lees). The judgment awarded plaintiff workmen’s compensation benefits at the rate of $35.00 per week, for a period of forty-seven weeks and two days, which period began on January 13, 1967 and continued through January 9, 1968, subject to a credit in the amount of $1,680.00 which had been previously paid plaintiff. The judgment also cast defendants for medical *312 expenses incurred through March 7, 1968 the date of the trial, not to exceed $2,500.00.
Plaintiff urges here on appeal that the trial judge erred in failing to award him maximum workmen’s compensation benefits and particularly contends that as of the date of the trial he was still disabled.
Defendants urge the correctness of the decision of the trial judge to the effect that as of January 9, 1968 plaintiff was capable of resuming his work.
There was a conflict in the medical testimony between the treating physician, a general practitioner, and three orthopedic specialists. The specialists testified that on their respective last examinations of plaintiff they could find no objective findings to substantiate plaintiff’s assertions of continued pain and inability to work. The treating physician was of the opinion that on the date of the trial plaintiff was still disabled. The trial judge resolved this difference of opinion against plaintiff, hence the appeal.
Our review compels us to hold that plaintiff was still disabled as of the date of the trial and the judgment of the district court should be reversed.
Rather than to take the testimony of each physician separately we shall refer to them in the chronological order in which they saw, examined or treated plaintiff.
There is really no dispute about the fact that on February 13, 1967, while plaintiff was employed by Stewart he injured his back. He was removing a bathtub at a residence where defendant was the plumbing sub-contractor. There is also evidence that several weeks later plaintiff again aggravated his condition while picking up a compressor. Be that as it may, plaintiff did not seek medical attention until February 27, 1968, when he was referred to Dr. C. Austin Meng by his employer. Dr. Meng testified that on February 27, 1968 plaintiff was suffering from a lum-bosacral strain and acute orchitis. He observed tenderness over the lower back with some muscle spasm and limitation of motion. He prescribed bed rest, heat and Chloromycetin. On March 7, 1967 plaintiff was suffering more from orchitis than from his back so he was hospitalized on that date for a period of five days. He returned home and was instructed to remain in bed. On March 27, 1967, he prescribed muscle relaxants. X-rays taken on this occasion reported “a loss of curvature indicating muscle spasms”. Plaintiff was placed on sound therapy and continued on muscle relaxants. On April 27, 1967, when this treatment proved unsatisfactory, Dr. Meng referred plaintiff to Dr. Richard Means for orthopedic evaluation.
Dr. Means examined plaintiff on May 2, 1967. He recommended the continuation of conservative treatment as prescribed by Dr. Meng. He next saw plaintiff on June 21, 1967 and his examination disclosed the presence of tenderness in the lower back on the left side. Dr. Means was of the opinion at that time that plaintiff’s condition appeared to be dissolving and he suggested postural exercises and other measures of physical therapy for about two weeks longer, when he thought plaintiff should then be able to return to work. Plaintiff had continued to see Dr. Meng and to attempt the exercises and other conservative measures prescribed by Dr. Means. On September 1, 1967, Dr. Means expressed the opinion that because plaintiff’s condition had not improved he appeared to be suffering from a herniated lower lumbar disc. Dr. Means suggested that plaintiff be admitted to the hospital for a myelogram and that surgery be performed if found necessary. He stated that plaintiff expressed disapproval over the thought of the myelogram and surgery.
It should be noted here that plaintiff was seen by Dr. Moss Bannerman, orthopedic specialist and an associate of Dr. Means, on June 14, 1967 and August 27, 1967. On the first visit Dr. Bannerman was of the opinion that plaintiff had reached a stage where the physical findings were very meager and that with the continued use of *313 low back exercises plaintiff’s complaint should disappear and he should be able to return to work. He was instructed to continue with the treatment originally undertaken through Dr. Meng. However, on August 27, 1968, plaintiff was complaining of more pain and his condition appeared to have worsened. Dr. Bannerman found plaintiff’s back to be more tender and painful on movement. Dr. Bannerman admitted that on both of these occasions he was of the opinion that plaintiff was a disabled man.
On September 15, 1967 at the request of defendants, plaintiff was examined by Dr. William E. Smith, the third orthopedic specialist. Dr. Smith stated that his examination failed to reveal any findings that would medically support plaintiff’s contentions of pain and inability to work. He expressed the opinion that on the date of this examination, plaintiff was not disabled. Dr. Smith did not see plaintiff again.
On January 9, 1968 plaintiff returned to Dr. Means. Dr. Means’ examination on that occasion failed to produce any objective findings that in the doctor’s opinion would substantiate plaintiff’s complaints of pain and that all tests conducted by this specialist proved negative. He then stated that based on this examination that he retracted his opinion of September 1, 1967 and concluded that plaintiff had recovered from his injury. His report of that examination concluded with the following paragraph: “This patient appears to have recovered. I suggest that he attempt to return to work. I advised him that should his symptoms reoccur, he should return for further treatment.” It was on the basis of this report that the defendants discontinued the payment of compensation benefits to plaintiff.
We now return to Dr. Meng who testified that throughout this period of time he was seeing and treating plaintiff. He continued plaintiff on a series of back exercises and weight lifting. He stated that each time he was able to get plaintiff to work with weights of twenty-five pounds or over, plaintiff experienced pain in his back for the next three or four days. He stated that this activity and reaction had continued from its original undertaking in May of 1967 until March of 1968. Dr. Meng stated that as of the date of the trial, plaintiff was still unable to resume the type of work he was doing at the time of the accident.
We believe that the trial judge erred when he accorded more weight to the testimony of Dr. Means than he did to that of Dr. Meng. Our reasons for this conclusion are based primarily on the fact that there is no evidence in this record to indicate that plaintiff’s complaints are not sincere or that plaintiff is a malingerer. It is undisputed that as of September 1, 1967, plaintiff was disabled according to Dr. Means which conclusion is corroborated by the examination of his associate, Dr. Moss Bannerman, on August 29, 1967. This evidence clearly negates the conclusion reached by Dr. Smith some two weeks later, who on September 15, 1967 stated that plaintiff was not disabled and could resume his former work. Dr. Smith freely stated that he had no criticism of Dr. Means’ opinion of September 1, 1967 but that his conclusion was the result of his examination of plaintiff on September 15, 1967, the one time that he saw him.
The record shows that when it was suggested that plaintiff endeavor to return to light work his employer was contacted and stated that he had no light work and that before he could rehire plaintiff it was necessary for plaintiff to be capable of resuming his full duties.
We are further impressed with the fact that there is not the slightest innuendo in the record impugning the integrity of plaintiff. As a matter of fact Dr. Meng testified that he had treated plaintiff on numerous occasions for various injuries and that he was impressed with the fact that plaintiff was not one to complain of pain or exaggerate an injury.
*314 Under these circumstances we must hold that Dr. Meng’s evaluation of plaintiff’s physical disability should have been accorded greater weight by the trial judge. We recognize that it is a generally accepted rule that the testimony of an orthopedic specialist is entitled to greater weight than that of a general practitioner. However, this rule presupposes that the basis upon which the respective doctors testify and the facts upon which their testimony is based are the same and that each is favored with comparable information. However, we must note that plaintiff has continued to see and be treated by Dr. Meng from February 27, 1967 until March 8, 1968 on a regular basis. He was not seen by Dr. Smith but once, and then on September 15, 1967, and the last time by Dr. Means on January 9, 1967.
Lastly, plaintiff urges that the trial court erred in refusing to award him penalties and attorney’s fees as provided for in L.R.S. 23:1201.2. Our review of the facts in this case as above set forth does not lead to the conclusion that the defendants acted arbitrarily, capriciously, and without probable cause when they discontinued workmen’s compensation payments to plaintiff on January 9, 1968, so as to render them for penalties and attorney’s fees under the provisions of the aforementioned statute.
Accordingly, for the above and foregoing reasons the judgment of the district court is amended and plaintiff is found to be totally disabled from February 13, 1967 and entitled to receive compensation benefits at the rate of $35.00 per week from February 13, 1967 and to continue receipt of same throughout the period of his disability not to exceed four hundred weeks, subject to a credit of $1,680.00 representing compensation paid to plaintiff through January 9, 1968; plaintiff is further entitled to all medical expenses incurred as a result of the accident, provided, that defendants’ liability for such expenses shall not exceed $2,500.-00 and is subject to a credit for all medical expenses paid by defendants to or on the account of plaintiff. Plaintiff is further entitled to receive accrued workmen’s compensation benefits from January 9, 1968 through and including the effective date of this judgment, together with legal interest thereon from due date of each weekly payment until paid and for all costs of this suit.
Amended and as amended affirmed.