WILLIAMS, Judge.
This is a suit for workmen’s compensation. Plaintiff, Roy M. Henbest, was employed as a stone planerman by B & B Cut Stone Company in Shreveport, Louisiana. On April 27,. 1968 he was injured when a stone slab weighing approximately 2000 pounds fell against him and pinned his left leg to the floor. Plaintiff was taken to Doctors Hospital where he was x-rayed and given first aid. The following day plaintiff consulted his family physician, Dr. Robert Earl Braswell, a general practi *431 tioner, who found plaintiff had suffered abrasions to both elbows; swelling, tenderness and bruises about the left ankle; and bruises about the knees. On May 7, 1968 Dr. Braswell again examined plaintiff and found his left ankle swollen. X-rays were made which determined that plaintiff’s left ankle had a small chip-type fracture or separation of the cortex of the bone and left ankle.
Travelers Insurance Company, the workmen’s compensation insurer of plaintiff’s employer, paid weekly compensation at $35 per week, terminating such payments on January 18, 1969. This suit was filed on March 14, 1969 by plaintiff against B & B Cut Stone and Travelers, seeking recovery of workmen’s compensation benefits for total and permanent disability. The trial court granted judgment in favor of plaintiff for 37 weeks of compensation at the rate of $35 per week to cover the period from January 18, 1969 to October 4, 1969.
From this judgment plaintiff appealed, asking this court to declare him totally and permanently disabled and to extend the compensation award accordingly. Defendants answered the appeal seeking reversal of the judgment and dismissal of plaintiff’s suit, asserting that plaintiff was completely recovered from his disability as of January 18, 1969.
The evidence reveals that following plaintiff’s injury he was treated by Dr. Braswell regularly, at weekly or two week intervals. Dr. Braswell testified that on the last visit plaintiff continued to complain of weakness in his legs, and that from his examination and observation he believed plaintiff’s complaints were legitimate. He testified it was possible that plaintiff would have difficulty working where he had to stand on his feet approximately eight hours a day, and further, would not recommend plaintiff for a job requiring such long periods of standing. Dr. Braswell found plaintiff was not as agile as “would be expected” and that plaintiff could “not work around that type of equipment in his condition.” The doctor further stated that plaintiff’s age is a factor which mitigates against his recovery. Dr. Braswell was of the opinion that plaintiff could not return to his former employment without jeopardizing himself and his fellow employees.
Plaintiff testified he had followed his profession as a stone planerman for 45 years; that his income on the date of his injury was $120 per week. There is no record of a prior injury. At the time of trial plaintiff was 68 years of age. His work required him to handle heavy tools weighing up to 150 pounds and necessitated his standing on hard surfaces for long periods of time and using his hands and feet in the operation of the stone planer. Plaintiff testified he had taken exercises recommended by the doctors but his leg muscles were weak, his left ankle hurt and he could not stand for any length of time. For these reasons he could not return to his job.
Plaintiff’s employer testified that he was a good and faithful employee; that he would rehire plaintiff on a job suitable for him but not on the same job he had on the date of his injury. Other witnesses, a relative and fellow employees, confirmed the appearance of weakness and loss of agility by plaintiff. Two other physicians examined plaintiff: Dr. Willis Taylor and Dr. Ray E. King, both orthopedists. Dr. Taylor saw plaintiff on May 27, 1969 and estimated plaintiff had a 10% partial permanent disability.of his left foot and ankle, but in his opinion this would not prevent plaintiff’s resuming his employment. Dr. King examined Henbest on January 7, 1969 at defendants’ request, and was of the opinion plaintiff could return to his former employment.
The medical testimony of the treating physician and the two orthopedic specialists is conflicting. There is no evidence in the record which reflects adversely on plaintiff’s integrity. On the contrary his history of 45 years of regular employment *432 as a skilled craftsman and the testimony of his employer indicate otherwise.
A careful review of the record compels us to differ with the conclusion reached by the trial judge. In the case of Chase v. Stewart, 222 So.2d 311 (1st Cir. 1969) the court stated:
“We recognize that it is a generally accepted rule that the testimony of an orthopedic specialist is entitled to greater weight than that of a general practitioner. However, this rule presupposes that the basis upon which the respective doctors testify and the facts upon which their testimony is based are the same and that each is favored with comparable information.” [222 So.2d 311, 314]
The cited case is analogous to the instant one. There plaintiff was seen over a long period of time by the general practitioner but was seen only once by each of the orthopedic specialists. In this case Henbest was seen and treated by Dr. Braswell from April 27, 1968 to October 3, 1969 on a periodic basis. He was seen only once by Dr. Taylor and Dr. King. It is interesting to note that Dr. Taylor saw the plaintiff over four months after Dr. King, who found no disability; whereas Dr. Taylor estimates a 10% partial permanent disability of plaintiff’s left foot and ankle.
We find that plaintiff has sustained the burden of proof of showing his total disability as of the date of trial of this case.
For the reasons assigned, the judgment appealed is amended and recast to read as follows:
It is therefore ordered, adjudged and decreed there be judgment herein in favor of plaintiff, Roy M. Henbest, against the defendants, The Travelers Insurance Company and B & B Cut Stone Company, Inc., for the full sum and weekly compensation of $35 beginning April 26, 1968 and payable weekly for the period of plaintiff’s disability, not, however, beyond 400 weeks, with 5% per annum interest on each of said weekly installments from its maturity until paid, less compensation paid to January 18, 1969.
It is further ordered, adjudged and decreed that the expert witness fees of Drs. Willis Taylor, Ray E. King, and Robert E. Braswell be, and the same are hereby fixed in the sum of $50 each and taxed as costs. The defendants are assessed with all costs including the cost of this appeal.
Amended and affirmed.