668 So.2d 1315 (1996)
Thomas PONTHIER
v.
VULCAN FOUNDRY, INC.
No. 95 CA 1343.
Court of Appeal of Louisiana, First Circuit.
February 23, 1996.
*1316 A. Wayne Stewart, Denham Springs, for Plaintiff-Appellant.
Cynthia M. Chemay, Baton Rouge, for Defendant-Appellee.
Before SHORTESS, PARRO and KUHN, JJ.
SHORTESS, Judge.
This workers' compensation action arises from the following undisputed facts. Thomas Ponthier (plaintiff) suffered a traumatic injury to his left knee on July 2, 1992, while in the course and scope of his employment with Vulcan Foundry, Inc. (defendant). He underwent surgery in October 1992 to excise the prepatellar bursa. On January 18, 1994, he filed this suit.
Plaintiff's orthopedic surgeon, Dr. Charles S. Walker, released him to return to work on January 25, 1993. His only restriction at that time was that he not kneel. Defendant paid indemnity benefits through March 12, 1993, and medical expenses through August 1993.
Plaintiff testified he did not return to work for defendant. He moved to Mississippi and began working as a bulldozer operator. On March 9, 1994, he began having chest pains at work. During the night he began having acute shortness of breath and was rushed to the hospital.
*1317 Dr. Benjamin F. Sanford, a physician practicing general internal medicine, diagnosed a presumed pulmonary thrombo-embolism (PTE), or blood clot in the lungs, based on an abnormal lung scan and plaintiff's rapid improvement when blood thinning medication was administered. Plaintiff did not return to work after his release from the hospital.
The dispute in this case arises from plaintiff's contention the PTE in 1994 was caused by the knee injury in 1992. Sanford was asked whether it was more probable than not the PTE was a result of the 1992 accident and resulting knee surgery. He replied: "There's no way to prove that at this point, but it's the strongest supposition, yes."
At defendant's request, plaintiff was examined by Dr. Richard R. Vath, a physician board certified in both pulmonology and critical care medicine. Vath reviewed plaintiff's medical records, examined plaintiff, and performed numerous tests. He agreed with Sanford's diagnosis of presumed PTE. In his opinion, however, the PTE was not related to the accident but was caused by plaintiff's smoking and his obesity.[1]
Vath testified he had never seen anything in pulmonary literature indicating a blood clot could travel more than a year after a leg injury. He explained clots become adherent to the vein wall within seven to fourteen days of injury, and if a clot breaks loose, it does so within that period. If a clot does not break loose then, the body will gradually reabsorb it within four to six weeks.
The administrative hearing officer ruled in favor of defendant. He stated in his "Reasons for Judgment" he gave equal weight to the testimony of Sanford, the treating physician, and Vath, the pulmonary specialist. He apparently found Vath's testimony more convincing than Sanford's.
Plaintiff appeals, contending the hearing officer erred in finding the 1994 PTE was not caused by the 1992 accident. His brief states one issue for review: "Can the trial court take the opinion of a non-treating physician specialist over the opinion of the treating physician specialist?" Plaintiff contends that when both the treating and non-treating physicians are specialists, the trial court is bound to accept the opinion of the treating physician.
Experts' testimony may be given differing weights depending on their qualifications and the facts upon which their opinions are based. For example, the general jurisprudential rules are that a treating physician's opinion is given more weight than a non-treating physician,[2] and the testimony of a specialist is entitled to greater weight than a general practitioner.[3] The trial court, however, is not bound to accept the testimony of an expert whose testimony is presumptively given more weight if he finds the opinion is less credible than that of other experts. As the supreme court explained in Middle Tennessee Council v. Ford, 274 So.2d 173, 177 (La.1973):
The weight to be given to the testimony of experts is largely dependent upon their qualifications and the facts upon which their opinions are based. However, the sincerity and honesty of the opinions expressed are matters which the trial judge is in a particularly advantageous position to determine. It is, in effect, in part, a question of credibility, and when the experts are widely disparate in their conclusions, the rule has special relevance.
(Emphasis added.) The supreme court recently reiterated this rule in Quinones v. United States Fidelity & Guaranty Co., 93-1648 (La. 1/14/94), 630 So.2d 1303, 1308.
In this case, Sanford and Vath had widely disparate conclusions. Both were qualified by education, training, and experience *1318 to give an opinion whether plaintiff's PTE was causally related to his knee injury. Under these circumstances, the hearing officer was in the best position to determine which expert's opinion was most credible. This credibility decision cannot be disturbed by the appellate court unless it is manifestly erroneous. We find no manifest error in the hearing officer's determination.
Plaintiff also argues in brief that the hearing officer should have applied the presumption set forth in Quinones that a medical disability is related to an accident if the plaintiff proves he was in good health before the accident and disabling symptoms appeared and continuously manifested themselves commencing with the accident. Quinones, 630 So.2d at 1307. The hearing officer correctly rejected the application of this presumption, which cannot be applied when twenty-one months lapse between the accident and the onset of allegedly disabling symptoms.
For the foregoing reasons, the judgment of the Office of Workers' Compensation is affirmed at plaintiff's cost.
AFFIRMED.
NOTES
[1] Plaintiff smoked two packs of cigarettes a day for twenty-five to thirty years before his PTE. He was 5'7" tall and weighed 255 pounds.
[2] Orgeron v. Prescott, 93-926 (La.App. 5th Cir. 4/14/94), 636 So.2d 1033, 1041, writ denied, 644 So.2d 654 (La. 10/28/94); Wells v. Allstate Ins. Co., 510 So.2d 763, 767 (La.App. 1st Cir.), writ denied, 514 So.2d 463 (La.1987).
[3] Henbest v. Travelers Ins. Co., 235 So.2d 430, 432 (La.App.2d Cir.1970).