Dear Mr. Roach:
You advise this office of the following facts, which we restate herein.
The City of Lake Charles's fire and police departments are covered by Louisiana's Civil Service laws. These departments are subject to the jurisdiction of a local Civil Service Board. The City is considering entering into an agreement with the Calcasieu Parish Police Jury to create a fire protection district which includes the City of Lake Charles, as well as the surrounding unincorporated areas (Ward Three of Calcasieu Parish only) pursuant to R.S. 40:1492, et seq. This new fire protection district would be divided into three subdivisions, one of which would include the entire boundaries of the City of Lake Charles. All full time employees of the district would be classified as civil service employees in accordance with Article X § 16 of the Louisiana Constitution (1974). It has been suggested under such an agreement the City would still have to operate and maintain a fire department because of the requirements imposed by provisions of the state constitution as noted herein.
Your first question is:
 If the City enters into a joint services agreement with the Parish to create a R.S. 40:1492 et seq. fire district, which includes the City of Lake Charles, do the provisions Article X § 16 of the Louisiana Constitution (1974) require the City to maintain and operate a separate fire department within the city staffed by employees subject to the state's civil service system?
The constitutional provision of interest here is Article X § 16
of the Louisiana Constitution (1974)), which provides:
 § 16 Establishment of System Section 16. A system of classified fire and police civil service is created and established. It shall apply to all municipalities having a population *Page 2 
exceeding thirteen thousand and operating a regularly paid fire and municipal police department and to all parishes and fire protection districts operating a regularly paid fire department.
Our response to your first question is no, the Louisiana Constitution does not require the City to maintain and operate a separate fire department within the City in these circumstances. If the City chooses to no longer operate a fire department, the laws relating to the establishment of a police and fire department are not applicable. See Heintz vs. City of Gretna,683 So.2d 926 (La.App. 5th Cir 1996) at page 928; writden, 689 So.2d 1379 (La 1997). As we stated in Attorney General Opinion 01-27:
 This scheme of classified service was created to regulate municipal positions within a fire department and police department. However, should the municipality choose to no longer operate a fire department and/or a police department, this scheme of classified service cannot dictate that same cannot be done. This scheme of classified service "[a]pplies to any municipality which operates a regularly paid fire and police department . . ." R.S. 33:2471. See also, LSA-Const. Art. X, Sec. 16, "A system of classified fire and police civil service is created and established. It shall apply to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department . . ." . See also, Heintz v. City of Gretna, (citations omitted) where the court held "[t]hat the fire companies are independent contractors, that the City does not operate a regularly paid fire department, and therefore that the above laws [LSA-Const. Art. X, § 16(1974)] relating to establishment of a police and fire civil service are not applicable." 683 So.2d at 928.
Your second question is:
 If the City can enter into an agreement to create a new fire district and does not have to maintain and operate a separate fire department: a) does the new district have to create a new Civil Service Board? b) what happens to the existing Civil Service Board which governs the existing city police and fire departments?, and c) can members of the City Council or of the Police Jury, serve on the governing board for the new district (note: not the Civil Service Board)?
Note that R.S. 33:2535 specifically provides that a classified civil service system be created in the government of each fire protection district.[1] A fire and police civil service *Page 3 
board is created for each governing body. Thus, in response to part (a) of your second question, yes, the new fire protection district must create a new civil service board, whose membership is governed by the provisions of R.S. 33:2536.
In response to subpart (b) of your second question, the existing municipal civil service board stays intact insofar as it governs the municipal police department.
Finally, in response to subpart (c) of your question, the new fire protection board of commissioners are appointed in accordance with R.S. 40:1496, stating:
§ 1496. Appointment of members of board; term; vacancies
A. The board of commissioners shall consist of five members.
* * * * *
(2) In the case where one municipality is included within the boundaries of a district lying within a single parish:
 (a) Two members shall be appointed by the parish governing authority.
 (b) Two members shall be appointed by the governing authority of the municipality; and
 (c) One shall be selected by the other four members and shall serve as chairman of the board.
* * * * *
 D. (1) Each member of the board shall be a resident property taxpayer of the district.
* * * * *
 E. Two of the initial members of the board shall hold office until one year from the January first immediately succeeding their appointment and three members shall hold office until two years from the January first immediately succeeding their appointment, the respective terms to be determined by lot. Thereafter, each member appointed shall serve for a term of two years. Members are eligible for reappointment. If a vacancy occurs, it shall be filled for the unexpired term by the body originally making the appointment so vacated.
Note that the fire protection district is a political subdivision of the state, and a creature of the police jury. See R.S. 40:1492.[2] R.S. 40:1496 dictates that the police jury shall *Page 4 
appoint two members of the board, while the municipality shall appoint two members to the board. The appointment of police jurors is allowed by R.S. 42:64(A)(1), stating "except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, § 15 of the Constitution of Louisiana. . . ."
However, the exception of R.S. 42:64(A)(1) which permits the local governing authority to appoint its membership to boards or commissions "created by them" is inapplicable here as the fire protection district is a creature of the parish and not the municipality.
Thus, a city councilman may not be appointed to serve on the fire protection district board by the city council because of the prohibition of R.S. 42:64(A)(1) stating:
 A. In addition to the prohibition otherwise provide in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other.
Again, the exception of R.S. 42:64(A)(1) permitting the police jury to appoint its membership to the fire protection district board is inapplicable because the fire protection district is a creature of the parish and not the municipality. However, a city councilman may be appointed to the fire protection district board by the police jury, as the municipality does not participate in the appointments made by the parish pursuant to R.S. 40:1496.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
[1] R.S. 33:2535 states:
§ 2535. System of classified civil service There is created, in the municipal government, in each parish government and in the government of each fire protection district, a classified civil service embracing the positions of employment, the officers, and employees of the fire and police services in municipalities covered by this Part, and of fire and police services in the parishes and the fire protection districts, respectively. The classified civil service shall be known as "The Fire and Police Civil Service".
[2] R.S. 40:1492 states in pertinent part:
§ 1492. Power to create; boundaries constitute state subdivisions for tax and bond purposes
A. Parish governing authorities may create or enlarge fire protection districts in the manner and subjects to the limitations and restrictions contained in this Part.
* * * * *
C. Fire protection districts so created are subdivisions of the state. . . .