991 So.2d 492 (2008)
Floyd MARSHALL
v.
WEST BATON ROUGE PARISH FIRE PROTECTION DISTRICT NO. 1 and the City of Port Allen (Subdistrict No. 3 of the West Baton Rouge Parish Fire Protection District No. 1).
No. 2007 CA 1065.
Court of Appeal of Louisiana, First Circuit.
May 2, 2008.
*493 Charles L. Dirks, III, Baton Rouge, LA, for Plaintiff-Appellee, Floyd Marshall.
L. Phillip Canova, Jr., Plaquemine, LA, for Defendant-Appellant, West Baton Rouge Parish Fire Protection District # 1.
A. Edward Hardin, Jr., Baton Rouge, LA, for the City of Port Allen, Amicus Curiae.
Before CARTER, C.J., PETTIGREW, and WELCH, JJ.
PETTIGREW, J.
In this case, defendant seeks review of the trial court's judgment granting plaintiff's petition for writ of mandamus and ordering defendant to appoint a civil service board pursuant to La. R.S. 33:2536. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Floyd Marshall, worked as a fireman in the City of Port Allen ("the City"), from March 15, 1985 through May 12, 2004. In September 2004, Mr. Marshall filed a petition seeking a writ of mandamus against the City and defendant, West Baton Rouge Parish Fire Protection District No. 1 ("Fire Protection District"), alleging that his employment was terminated and that he was never afforded a hearing relative to his termination as required by La. R.S. 33:2561. Mr. Marshall alleged he had timely appealed his termination to the Fire Protection District's civil service board and was subsequently notified by the City that he was an employee of the City and not a member of the Fire Protection District's classified civil service. Mr. Marshall further asserted that "at all times prior to his termination ... [the Fire Protection District] acknowledged that ... [he] was its employee, rather than an employee of the [City.]" Mr. Marshall requested that the trial court issue a writ of mandamus ordering the City and the Fire Protection District to (1) appoint a civil service board as required by La. R.S. 33:2536; (2) provide him with a civil service hearing relative to the termination of his employment; and (3) conduct the civil service hearing in accordance with law.[1]
In response to Mr. Marshall's petition, the Fire Protection District filed a motion for summary judgment alleging that it was entitled to judgment as a matter of law because the pleadings, affidavits, and exhibits attached to its motion for summary judgment revealed that Mr. Marshall was an employee of the City, which was not subject to the "laws regulating the procedure to enforce discipline, including termination of employment, on classified Civil Service employees for a paid fire department." On December 11, 2006, the trial court heard argument on the Fire Protection District's motion for summary judgment and Mr. Marshall's petition for writ of mandamus. After considering the evidence and hearing from the parties, the *494 trial court denied the summary judgment and granted the writ of mandamus. A final judgment was signed by the trial court on February 5, 2007, ordering the Fire Protection District to appoint a civil service board in accordance with La. R.S. 33:2536. It is from this judgment that the Fire Protection District has appealed, assigning the following specifications of error: 1) the trial court erred in ordering the Fire Protection District to create a civil service board pursuant to La. R.S. 40:1503; 2) the trial court erred by implying that Mr. Marshall was an employee of the Fire Protection District; 3) the trial court erred in finding that the Fire Protection District has a regularly paid fire department; and 4) the trial court erred in finding that the Fire Protection District has any paid fire fighters or owns, possesses, manages, maintains, and/or operates any firefighting equipment.

LAW AND ANALYSIS
Article X, § 16 of the Louisiana Constitution of 1974 provides for the establishment of a classified fire and police civil service system applicable "to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department and to all parishes and fire protection districts operating a regularly paid fire department." (Emphasis added.) Moreover, La. R.S. 33:2531, et seq., provides for the fire and police civil service law for small municipalities, parishes, and fire protection districts. Louisiana Revised Statutes 33:2531 specifically states, in pertinent part, as follows:
Permanent appointments and promotions for paid firemen and policemen in the classified civil service as enumerated herein in all municipalities having a population of not less than seven thousand and not more than thirteen thousand,... and in all parishes and fire protection districts, shall be made only after certification pursuant to a general system based upon merit, efficiency and fitness, under which certificates shall be based on examinations which, so far as practical, shall be competitive, and all employees in the classified service shall be employed from those eligible under such certification.
Pursuant to La. R.S. 33:2535, a classified civil service system is to be created in each municipal government, parish government, and in the government of each fire protection district. Likewise, a fire and police civil service board is created for each governing body as set forth in La. R.S. 33:2536.
In 1987, the Legislature passed La. R.S. 40:1503, authorizing the creation of the Fire Protection District and setting forth its powers, duties, and functions. Pursuant to La. R.S. 40:1503(B), the Fire Protection District was to be designated as "West Baton Rouge Parish Fire Protection District No. 1" and was to include "two or more fire protection subdistricts."
"Subdistrict" is defined in La. R.S. 40:1503(A)(7) as "any subdistrict of West Baton Rouge Parish Fire Protection District No. 1." Further, La. R.S. 40:1503(K)(2) provides that if a municipality is included within a subdistrict, the governing body of the municipality shall be the governing body of the subdistrict. The governing body of each subdistrict may "[d]o and perform all acts necessary and proper for the purpose of providing fire protection service within the subdistrict." La. R.S. 40:1503(K)(5)(e). "Fire protection service" is defined in La. R.S. 40:1503(A)(3) as follows:
(3) "Fire protection service" means, but is not necessarily limited to:
(a) Acquiring and maintaining land for a fire station site;

*495 (b) Acquiring, constructing, maintaining, and operating fire protection facilities;
(c) Acquiring, maintaining, and operating fire trucks and other fire protection or emergency equipment;
(d) Obtaining water for fire protection purposes, including charges for fire hydrant rentals and service; and
(e) Paying salaries of firemen.
In 1991, approximately four years later, the West Baton Rouge Parish Council created the Fire Protection District and its six subdistricts  No. 1 Addis Subdistrict, No. 2 Brusly Subdistrict, No. 3 Port Allen Subdistrict, No. 4 Lobdell Subdistrict, No. 5 Erwinville Subdistrict, No. 6 Rosehill Subdistrict. West Baton Rouge Code of Ordinances, Art. X, Div. 3, § 20-237 § 20-242.
Subsequently, and in conjunction with the creation of the Fire Protection District, the City and the Port Allen Fire Subdistrict No. 3 ("Port Allen Subdistrict") entered into a Local Service Agreement (the "Agreement") on July 8, 1991, acknowledging that the City concurred in the formation of the Fire Protection District and indicating that the Port Allen Subdistrict would provide fire protection for the City. In the Agreement, the parties recognized that the City had the necessary personnel, equipment, organizational structure, and training already in place, while the Port Allen Subdistrict possessed "no personnel, equipment, organizational structure nor training to provide the required fire protection service." The Agreement further provided as follows:
WHEREAS, it is the desire of the City and the Port Allen Subdistrict to cooperate for the purpose of providing fire protection service to Area No. 3 of West Baton Rouge Parish Fire District No. 1.
NOW THEREFORE, it is contracted and agreed between the parties under the authority of [La. R.S.] 33:1321, et seq., as follows:
SECTION 1. The Port Allen Subdistrict agrees and obligates itself at its sole cost and expense to collect any and all sums due the Port Allen Subdistrict from the formula established in Section 20-240, West Baton Rouge Code of Ordinances.[[2]]
SECTION 2. The City agrees to provide all the necessary utilities, personnel, insurance, equipment, furniture, fixtures, supplies, supervision, management, administrative services, office, structures, facilities, capital improvements and any and ail other costs and expenses necessary, required and associated with properly providing all fire protection services to Subdistrict No. 3 of West Baton Rouge Parish.
. . . .
SECTION 4. The City shall keep accurate records, accounts and books of the costs and expenses associated with the provision of the services and other items listed in Section 2 above.
SECTION 5. The City shall submit a statement monthly to the Port Allen Subdistrict for costs, insurance, expenses, rents, supplies, salaries, equipment and other expenditures listed in Section 2 above and required by the City to properly provide fire protection services to Subdistrict No. 3. The necessity of a particular expenditure shall be at the sole discretion of the City.
SECTION 6. The Port Allen Subdistrict shall be responsible for providing all funds required by the City to provide *496 fire protection services in Subdistrict No. 3 and the City shall not be required to subsidize the Port Allen Subdistrict. Provided, however, nothing contained herein shall prevent the City from subsidizing the Port Allen Subdistrict, all at the sole discretion of the City.
On appeal, the Fire Protection District argues that Mr. Marshall is clearly an employee of the City and that the evidence in the record supports its position. The Fire Protection District contends because the City has a population of less than seven thousand, the City is not required to provide a classified civil service system for its firemen. La. R.S. 33:2531. Moreover, the Fire Protection District asserts it does not employ Mr. Marshall or any other person for fire protection services. Arguing that it does not "operate, maintain or manage a regularly paid fire department," the Fire Protection District maintains it is not subject to the provisions of La. Const. art. X, § 16 or La. R.S. 33:2531, et seq., and is not obligated to appoint a civil service board. Thus, the Fire Protection District contends the trial court's judgment below must be reversed.
While we agree that the City does not have the required minimum population, i.e., at least seven thousand, to bring it within the statutory framework of La. R.S. 33:2531, et seq., we find no merit to the Fire Protection District's argument regarding its possible obligation as it relates to creating a classified civil service system for its firemen. Although there is no jurisprudential or statutory authority defining the phrase "operating a regularly paid fire department" as it appears in La. Const. art. X, § 16, we find that based on a review of the record before us and in light of the evidence therein and the applicable statutes and jurisprudence, the Fire Protection District operates a regularly paid fire department such that it falls within the purview of the classified civil service system.
In support of its position that it does not operate a regularly paid fire department, the Fire Protection District points out that it does not employ Mr. Marshall, or any other person, for fire protection services and that it does not own any fire-fighting equipment. However, it is clear from a fair reading of the Agreement above that the Fire Protection District, through the Port Alien Subdistrict, was in fact operating a regularly paid fire department at the time of Mr. Marshall's termination.
As per the Agreement, the Port Allen Subdistrict would collect its revenue from the Fire Protection District pursuant to the formula set forth in West Baton Rouge Code of Ordinances, Art. X, Div. 3, § 20-240. The City would then submit monthly statements for costs, insurance, expenses, rents, supplies, salaries, equipment, and other expenditures required for fire protection services for the Port Allen Subdistrict. The Port Allen Subdistrict would subsequently be responsible for providing all funds required by the City for fire protection services in the Port Allen Subdistrict.
While the City may have maintained control over the personnel and equipment used in the fire protection service within the Port Allen Subdistrict, the Fire Protection District clearly financed the operation of same through its collection and distribution of tax revenue as set forth in the Agreement between the City and the Port Allen Subdistrict. Thus, as a fire protection district operating a regularly paid fire department, the Fire Protection District was required to create a classified civil service system for its firefighters. Accordingly, we find no error in the trial court's judgment below.

*497 CONCLUSION
For the above and foregoing reasons, we affirm the trial court's judgment and assess appeal costs in the amount of $456.50 against defendant-appellant, West Baton Rouge Parish Fire Protection District No. 1.
AFFIRMED.
NOTES
[1] The City objected to Mr. Marshall's petition alleging that he had no cause of action against it The trial court sustained the City's no cause of action exception, noting that based on the statutory makeup, the City could not be forced to impanel a civil service board. Mr. Marshall appealed the decision to this court, and we affirmed. See Marshall v. West Baton Rouge Parish Fire Protection District No. 1, XXXX-XXXX (La.App. 1 Cir. 9/20/06), 937 So.2d 936 (unpublished decision).
[2] West Baton Rouge Code of Ordinances, Art X, Div. 3, § 20-240 establishes a formula for the allocation of the Fire Protection District's revenues to its subdistricts.