HIGGINBOTHAM, J.
| ¿This suit concerns a terminated fireman’s claims against his former employer, a fire protection district. The trial court denied and dismissed all of the fireman’s claims on the grounds that the fireman was not entitled to the protections of the Louisiana civil service law. Finding that a system of classified fire and police civil service has been constitutionally created and established, and that this system is constitutionally required to apply to all fire protection districts operating a regularly-paid fire department, we reverse the judgments denying the fireman’s claims, grant the fireman’s partial judgment declaring that the classified civil service system for firemen applies to this particular fire protection district, and remand this matter to the trial court.
FACTS AND PROCEDURAL HISTORY
Brian C. Ballard (“Ballard”) began working as a volunteer fireman for the Livingston Parish Fire Protection District No. 5 (“FPD No. 5”) in 1986. In 1991, Ballard became the assistant fire chief of FPD No. 5, but he still worked in a volunteer capacity. In 2002, however, Assistant Fire Chief Ballard began to receive a regularly-paid weekly salary as a full-time employee of FPD No. 5. During the pertinent time period in August 2008, FPD No. 5 operated with three full-time and two part-time paid employees and approximately 70-80 volunteer firemen. There are seven fire protection districts in Livingston Parish, but only one of the seven, FPD No. 4, participates in the classified civil service system for ffremen, as set forth in La. R.S. 33:2531, et seq. FPD No. 5 includes four fire stations covering twenty-six square miles outside the City of Denham Springs, Louisiana. FPD No. 5 had originally not been subject to Louisiana’s classified civil service system for firemen.
On August 25, 2008, Ballard was notified by letter that the governing five-member board of directors (board) of FPD No. 5 was holding a special meeting scheduled for 7:00 p.m. the next day, on August 26, 2008, “to discuss personnel |smatters” pertaining to him. At the beginning of the meeting, the board inquired as to whether Ballard would like to convene in an executive closed-door session. Ballard declined and the, board unanimously decided to terminate him, effective immediately. Ballard was not notified of any investigation prior to his termination, he was never charged with any violation regarding his job performance or conduct, he was given no reason for his termination, and he was not given an opportunity to call witnesses or to have counsel present at the meeting.
*313 On September 11, 2008, Ballard filed a petition for summary proceeding and notice of appeal in the 21st Judicial District Court (the “trial court”), naming FPD No. 5 and its individual board members as defendants. Ballard sought a declaration from the trial court that FPD No. 5 had violated his procedural due process rights, which were protected under the state civil service law applicable to FPD No. 5. Ballard further alleged that his termination was an absolute nullity, and that he was, therefore, owed back and future salary and benefits from the date that he was wrongfully terminated. He also asserted that FPD No. 5 violated numerous other state laws pertaining to minimum salary, maximum hours, sick leave, vacation, and holiday pay rates, and that FPD No. 5 failed to follow its own administrative rules and regulations regarding disciplinary action and termination.
The trial court held a hearing on January 12, 2009, where the parties stipulated that the sole issue to be determined was whether FPD No. 5 was required to create a civil service board to administer a system of classified fire civil service for paid employees pursuant to Article X, Section 16 of the Louisiana Constitution. The application of that constitutional provision turned on whether FPD No. 5 operated a “regularly[-]paid fire department.” The trial court signed a judgment on April 21, 2009, declaring that FPD No. 5 was not a regularly-paid fire department and thus, FPD No. 5 was “not required to create and establish a system of classified civil service.” The next day, the trial court denied Ballard’s request for a ruling on his remaining claims. Subsequently, Ballard filed a motion for summary |4judgment on the remaining issues, and the trial court signed a final judgment denying and dismissing, with prejudice, all of Ballard’s procedural due process and payment claims against FPD No. 5 and its board members on August 26, 2010. Ballard appeals the dismissal of his claims, as well as the trial court’s initial ruling that FPD No. 5 was not a regularly-paid fire department subject to the classified civil service law for firemen.
LAW AND ANALYSIS
Initially, we note that, although the April 21, 2009 judgment denying Ballard’s request that the trial court declare that FPD No. 5 was required to participate in a classified fire civil service system was interlocutory, Ballard is now entitled to seek review of all adverse interlocutory judgments that are prejudicial to him or that involve the same or related issues, in addition to the review of the August 26, 2010 final judgment dismissing all of his claims with prejudice.[1] See Robertson v. Doug Ashy Bldg. Materials, Inc., 2010-1552 (La. App. 1st Cir.10/4/11), 77 So.3d 389, n. 11; State ex rel. Div. of Admin., Office of Risk Management v. National Union Fire Ins. Co. of Louisiana, 2010-0689 (La.App. 1st Cir.2/11/11), 56 So.3d 1236, 1242 n. 6, writ denied, 2011-0849 (La.6/3/11), 63 So.3d 1023; Judson v. Davis, 2004-1699 (La. App. 1st Cir.6/29/05), 916 So.2d 1106, 1112, writ denied, 2005-1998 (La.2/10/06), 924 So.2d 167. Thus, we will consider whether the trial court correctly determined that FPD No. 5 was not a regularly-paid fire department, and was, therefore, not required by law to participate in a system of classified fire civil service.
Article X, Section 16 of the Louisiana Constitution of 1974 provides, in pertinent part, that a system of classified fire and *314 police civil service is created and established, and that this system shall apply “to all ... fire protection districts operating a regularly[-]paid fire department.” Additionally, La. R.S. 33:2531 | ¡¡expressly provides that “[permanent appointments and promotions for paid firemen ... shall be made only after certification pursuant to a general system based upon merit, efficiency and fitness.... ” The constitutional and statutory scheme mandating a system of classified civil service for fire protection districts operating a regularly-paid fire department does not contain a size requirement. See La. Const, art. X, § 16; La. R.S. 33:2531, et seq.
The only relevant jurisprudence regarding fire protection districts with a large number of volunteer firemen is found in France v. East Central Bossier Fire Protection District No. 1, 44,058 (La.App.2d Cir.2/25/09), 4 So.3d 959, writ denied, 2009-0726 (La.5/15/09), 8 So.3d 589.[2] In France, the second circuit held that the civil service system was mandated for a fire protection district operating with 60-80 volunteers and four full-time paid firemen. Id., 4 So.3d at 967. Further, our research has revealed several attorney general opinions determining that one full-time employee paid by a fire protection district constitutes a regularly-paid fire department. See Attorney General Opinions 01-379, 98-267, 95-37, and 93-728(A). And although the opinions issued by the attorney general are merely advisory and not binding, the courts of this State have recognized their persuasive authority. City of New Orleans v. Board of Directors of Louisiana State Museum, 98-1170 (La.3/2/99), 739 So.2d 748, 753 n. 11.
We agree with the second circuit’s reasoning and analysis in France, as well Ras the pertinent attorney general opinions. Moreover, we conclude that FPD No. 5 clearly operates a regularly-paid fire department by virtue of its employment of three full-time and two part-time paid employees. Thus, the constitutional and statutory provisions requiring a system of classified fire civil service, as well as minimum wages, sick leave, annual vacation, and holidays is mandated for FPD No. 5. See France, 4 So.3d at 967. See also Attorney General Opinion 01-379. The investigation and discharge of a full-time paid fireman employed by a fire protection district must conform to the procedural due process requirements provided in the classified fire civil service law. See La. Const. Art. X, § 16; La. R.S. 33:2531, et seq.
CONCLUSION
Based on the foregoing, we reverse the April 21, 2009 judgment, which found that the Livingston Parish Fire Protection Dis *315 trict No. 5 was not required to create and establish a system of classified civil service for its regularly-paid firemen. We also reverse the August 26, 2010 judgment dismissing all of Brian C. Ballard’s claims with prejudice. We grant partial judgment in this summary proceeding in favor of Brian C. Ballard, declaring that the classified fire civil service system of La. R.S. 33:2531, et seq., shall apply to the Livingston Parish Fire Protection District No. 5 and to any action taken regarding the employment of Brian C. Ballard. This case is remanded for further proceedings consistent with this ruling and for the trial court’s determination of Brian C. Ballard’s remaining claims regarding his termination and compensation issues pursuant to La. R.S. 33:1991, et seq.
Costs of this appeal in the amount of $1,944.00 are assessed to the Livingston Parish Fire Protection District No. 5 in accordance with La. R.S. 13:5112.
JUDGMENTS REVERSED. PARTIAL JUDGMENT GRANTED. REMANDED.

. Ballard previously attempted to have the April 21, 2009 interlocutory judgment reviewed in an application for supervisory review, which this court denied on February 17, 2010.

. We factually distinguish the fifth circuit case, Heintz v. City of Gretna, 96-555 (La.App. 5th Cir. 11/26/96), 683 So.2d 926, 927-928, writ denied, 97-0145 (La.3/7/97), 689 So.2d 1379, because that case did not involve a fire protection district, but instead was a volunteer fire department that independently contracted its services with a municipality, and as such, the city did not operate a regularly-paid fire department. Similarly, the supreme court vacated this court’s opinion in Marshall v. West Baton Rouge Parish Fire Protection District No. 1, 2007-1065 (La.App. 1st Cir.5/2/08), 991 So.2d 492, 496, writ granted, 2008-1576 (La.1/9/09), 998 So.2d 85, where this court found that a fire protection district that had contracted its services with a city was operating a regularly-paid fire department, such that it was required to create a classified civil service system for its firefighters. After vacating our opinion, the supreme court remanded the matter to the trial court for a determination of what entity actually employed the plaintiff and what entity actually operated the fire protection services in the city. In the case sub judice, there is no question regarding Ballard’s employer, which is undisputedly FPD No. 5, as is clearly reflected on Ballard's Form W-2 Wage and Tax Statement in the record.