JOHNSON, J.,
Dissents with Reasons.
hi respectfully disagree with the majority and would reverse the judgment of the trial court that sustained the Third District Volunteer Fire Department’s peremptory exceptions of no cause of action and no right of action.
Mr. Marks filed suit alleging that the Third District Volunteer Fire Department (“Third District”) illegally terminated his employment because it failed to comply with La. R.S. 33:2181. The Third District filed exceptions of no cause of action and no right of action claiming that Mr. Marks was not a “fire employee” for purposes of La. R.S. 33:2181 and, therefore, was not entitled to the protections afforded by the statute.
In its exceptions, the Third District maintained that Mr. Marks failed to allege he was employed in the fire department of a municipality, parish or fire protection district as required to be a “fire employee” under La. R.S. 33:2181, but rather only alleged he was employed by the Third District, which he asserted to be a nonprofit corporation that provided fire protection services to Jefferson Parish under a contract with Fire Protection District No. 3 (“FPD No. 3”). The Third District also contended that FPD No. 3 did not maintain a full-time regularly paid fire department by virtue of its contract with the Third District. Thus, the Third District alleged that Plaintiffs petition failed to state a cause of action. The Third 12District also alleged Plaintiff did not have a right of action under La. R.S. 33:2181 because he was not a “fire employee.”
A “fire employee” is defined by La. R.S. 33:2181(A)(1) as
... any person employed in the fire department of any municipality, parish, or fire protection district maintaining a full-time regularly paid fire department, regardless of the specific duties of such person within the fire department, and who is under investigation with a view to possible disciplinary action, demotion, or dismissal.
[Emphasis added.]
In his petition, Mr. Marks alleged that he was employed by the Third District *1104 from August 16, 2007, until he was terminated on September 20, 2011. He asserted that as a “fire employee” of the Third District, he was entitled to the rights and protections afforded by La. R.S. 33:2181. Mr. Marks further alleged that the Third District was under contract with FPD No. 3 to be the sole provider of fire protection services in the unincorporated areas of the East Bank of Jefferson Parish. He asserted that by virtue of this contract, FPD No. 3 “maintain[ed] a full-time regularly paid fire department.”
The basis of the Third District’s exception of no cause of action is that FPD No. 3 did not “maintain” a full-time regularly paid fire department by virtue of the contract between it and the Third District; therefore, Mr. Marks was not and could not be a “fire employee” as defined in La. R.S. 33:2181. The question of whether the Third District is “maintained” by a fire protection district for purposes of La. R.S. 33:2181 is a factual question that addresses itself to the merits of the case. Specifically, whether FPD No. 3 “maintains” a full-time regularly paid fire department will depend on the language of the contract between FPD No. 3 and the Third District, as well as consideration of how the fire department is organized, funded, and employed. Such an inquiry is inappropriate in determining whether a petition states a cause of action.
^Plaintiffs petition alleges he is employed by a fire department of a fire protection district that maintains a full-time regularly paid fire department. Accepting these allegations as true, I find that, on the face of Plaintiffs petition, the law affords a remedy. Thus, I believe the trial court erred in sustaining the Third District’s exception of no cause of action.
Additionally, I disagree with the majority’s reliance on Heintz v. City of Gretna, 96-555 (La.App. 5 Cir. 11/26/96); 683 So.2d 926, writ denied, 97-145 (La.3/7/97); 689 So.2d 1379. The majority relies on Heintz to conclude that a contractual arrangement between a volunteer fire department and a municipality does not constitute the operation or maintenance of a regularly paid fire department for purposes of La. R.S. 13:2181. I do not find this conclusion is supported by Heintz. I further believe Heintz is completely distinguishable from the present case.
In Heintz, this Court was faced with the issue of whether the City of Gretna was constitutionally mandated to institute a civil service system for its fire and police departments. After a trial on the merits, the trial court determined the evidence showed that the City did not “operate” a regularly paid fire department so as to require it to establish a civil service system under La. Const. Art. 10, § 16[2] and La. R.S. 33:2471.[3] This Court affirmed the trial court’s determination that the City’s fire departments were independent contractors and, thus, the City did not “operate” a regularly paid fire department for purposes of the civil service mandates.
|4Here, we are not concerned with the constitutional and statutory mandates for a *1105 civil service system. Rather, we are concerned with whether Plaintiff has a cause of action under La. R.S. 38:2181, which falls under Title 83, Municipalities and Parishes; Chapter 4, Fire and Police Departments; Subpart H, Fire Employee’s Rights.
Additionally, the question in Heintz was whether the city “operated” the fire department, not whether the fire protection district “maintained” a full-time regularly paid fire department. Importantly, the conclusion in Heintz that the City of Gret-na did not “operate” a regularly paid fire department for purposes of the civil service mandates was a factual determination based on evidence submitted at trial relating to the organization of the fire departments within the City of Gretna, including the substance of the applicable contracts, the pay structure among the employees, the fire departments’ funding and budget, and the various duties of the employees. Here, the question of whether FPD No. 3, in Jefferson Parish, “maintains” a full-time regularly paid fire department is a factual determination that necessarily depends on the evidence relating to the organization of and relationship between FPD No. 3 and the Third District. Thus, our determination in Heintz that the City of Gretna did not “operate” a regularly paid fire department for purposes of the civil service mandate after considering the evidence presented at trial is not decisive of the issue of whether FPD No. 3 “maintains” a full-time regularly paid fire department for purposes of La. R.S. 33:2181.
Because I believe Plaintiffs petition states a cause of action, I also believe Plaintiff has a right of action. As an alleged “fire employee,” Mr. Marks is the proper party to assert a cause of action under La. R.S. 33:2181. Thus, I find the trial court erred in sustaining the Third District’s exception of no right of action.
LFor these reasons, I would reverse the trial court’s rulings on the Third District’s exceptions of no cause of action and no right of action and remand the matter for further proceedings, including consideration of the merits of the Third District’s exceptions of improper cumulation of actions and failure to join necessary parties.

. La. Const. Art. 10, § 16 provides: “A system of classified fire and police civil service is created and established. It shall apply to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department and to all parishes and fire protection districts operating a regularly paid fire department.”

. La. R.S. 33:2471 falls under Chapter 5, Civil Service, of Title 33, "Municipalities and Parishes” and provides in pertinent part: "This Part applies to any municipality which operates a regularly paid fire and police department and which has a population of not less than thirteen thousand nor more than two hundred fifty thousand....”