SUSAN M. CHEHARDY, Judge.
|2In this workers’ compensation matter, claimant alleges that the lower court judge erred in finding that there was no compen-sable accident. For the following reasons, we affirm the lower court’s ruling.

Procedural History

On August 18, 2008, Shirleen Ellis filed a Disputed Claim for Compensation, alleging that she had accidentally injured her back at work, and that her employer, Reliable Skycaps, had failed to pay her workers’ compensation benefits. Reliable Skycaps denied that an accident occurred or that claimant had been injured while in its employ. Trial took place on July 23, 2009. After a complete trial, the workers’ compensation judge found that there “is not sufficient evidence of a compensable accident,” and dismissed Ms. Ellis’ case. Ms. Ellis, who is representing herself in this Court as she did in the lower court, appeals that ruling.

Facts

Reliable Skycaps (“Skycaps”) is a small, family-owned company that employs men and women at the Louis Armstrong New Orleans International Airport to help departing and arriving passengers with their baggage and 1 .^transportation needs. These skycaps are assigned to a specific passenger drop-off zone, which corresponds to one of three specific airlines. The company’s employees are compensated primarily by the tips that they receive from travelers for services rendered.
At trial, Ms. Ellis testified that she had been employed by Skycaps since January of 2007. Ms. Ellis testified that, in May of 2008, she worked “upstairs” as a skycap for passengers departing New Orleans on U.S. Airways. She also reported that she worked primarily with Eugene Scott and Robert Teague.
At trial, Ms. Ellis testified that, on May 15, 2008, she was injured while working as a skycap when she lifted a heavy piece of luggage. She insisted that she told Eugene Scott, who she believed to be her “immediate supervisor,” and her fellow skycap, Robert Teague, of her injury as soon as it occurred.
Mr. Teague, who is the nephew of Skycaps’ owners, testified conversely that Ms. Ellis never told him that she was injured. Moreover, Mr. Teague noted that, whenever he worked as a skycap with Ms. Ellis, she rarely, if ever, lifted bags. Mr. Teag-ue stated that Ms. Ellis preferred to input passenger’s information at the computer terminal, rather than handle the baggage.
Co-owners A.D. and Frank Williams testified separately that, in response to a written complaint from the U.S. Airways’ station manager, Ms. Ellis was terminated from her job at Skycaps on May 17, 2008 for violating the company’s policy against soliciting tips from customers. A.D. Williams also testified that Ms. Ellis made her first report of her alleged injury to him on May 27, 2008, ten days after her termination. He specifically denied Ms. Ellis’s claim that she had told him that she had suffered a work-related injury at the time of her termination. Similarly, Frank Williams testified that Ms. Ellis did not report any injury to him until after her termination. Notably, Ms. Ellis admitted, on cross examination, that |4she had filed, throughout the years, “probably a lot” of workers’ compensation claims because “I report something that happens to me on the job.” After a complete trial, the judge found no compensable accident and dismissed Ms. Ellis’ case. Ms. Ellis, filing in proper person, now appeals.
*884 As a preliminary matter, we note that, on April 15, 2010, Skycaps filed a Motion to Dismiss Ms. Ellis’ Appeal as Frivolous, For Sanctions Pursuant to Uniform Rules-Court of Appeals Rule 2-12.13 and for an expedited hearing. While the motion to dismiss was well-written and thoughtfully-reasoned, we deny the motion to dismiss. Discussion
In her brief to this Court, Ms. Ellis raises two central arguments: first, that the trial court erred in allowing her to proceed without a lawyer and, second, that the trial court erred in finding the testimony of Skycaps’ witnesses was more credible than her testimony. In its brief, Skycaps argues that the trial court did not err in its ruling and, thus, its ruling should not be disturbed on review.
In her brief, Ms. Ellis alleges that “the trial was made in error due to the fact that I did not have a lawyer to represent me.” Construed liberally, it appears that Ms. Ellis is alleging that the trial court erred in failing to appoint an attorney on her behalf, or in allowing her to proceed without an attorney. As counsel for Skycaps points out, it is well-settled that the 6th Amendment right to counsel does not apply in a civil proceeding. Wallace v. PFG, (La.App. 1 Cir. 5/6/05), 916 So.2d 175, 178 (noting workers’ compensation claimant’s confusion of rights in civil proceeding with those available to a criminal defendant under the 6th amendment). We agree that this argument lacks merit.
|fiNext, Ms. Ellis asserts, “I believed that telling the truth was enough, but the Skycap Company ... did not tell the truth.” Essentially, Ms. Ellis challenges the trial court’s credibility determination.
Again, as correctly noted by Skycaps, factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Seal v. Gaylord Container Corp., 97-0688 (La.12/02/97), 704 So.2d 1161, 1164. Because determination of the existence of a work-related injury is a question of fact involving credibility of witnesses, the determination of the trial judge, who had opportunity to observe and hear the witnesses, is given great weight on review. Id.
Our review of the trial transcript reveals no manifest error in the workers’ compensation judge’s findings. There were no witnesses to her accident. At trial, Ms. Ellis stated that she immediately told her fellow employee, Robert Teague, of her injury as soon as it occurred. Mr. Teague, however, flatly denied that Ms. Ellis had told him of an injury. Here, the claimant’s uncorroborated testimony regarding her alleged accident was refuted by at least one witness. The argument also lacks merit.
Based on the foregoing, we affirm the workers’ compensation judge’s finding of no compensable accident and dismissal of the disputed claim. Each party is ordered to bear its own costs of this appeal.

AFFIRMED.