JUDE G. GRAVOIS, Judge.
| gClaimant, Jasmine Ricks, appeals the dismissal of her workers’ compensation claim. The trial judge found that Ms. Ricks failed to establish by a preponderance of the evidence that she suffered a work-related accident.[1] On appeal, Ms. Ricks essentially argues two issues: first, that the trial court should have appointed counsel on her behalf; and second, that the trial court erred in finding that she failed to prove her case.[2] For the following reasons, we affirm the judgment of the Office of Workers’ Compensation.

PROCEDURAL HISTORY AND FACTS

The record reflects that Ms. Ricks alleged that she suffered an unwitnessed work accident on December 13, 2004. She was employed by Odyssey Health Care (“Odyssey”)[3] as a home health aide, whose job consisted of visiting clients at their 1 shomes to provide them with assistance in bathing and other personal tasks. Ms. Ricks’ claim alleged that she hurt her back while assisting a patient in the shower.
On February 15, 2005, Ms. Ricks filed a Form 1008 — Disputed Claim For Compensation. Her case came for trial on June 17, 2010. The trial court rendered judgment on August 11, 2010. Notice of judgment was mailed to the parties on that same day. Ms. Ricks filed a Motion for New Trial on August 23, 2010, which was heard in October of 2010. The trial court denied the Motion for New Trial on October 21, 2010. Ms. Ricks filed this appeal on October 28, 2010.
*388 FIRST ASSIGNMENT OF ERROR — Denial of Appointment of Counsel
Ms. Ricks first argues that the trial court should have appointed counsel to represent her in her case. This assignment of error is without merit for two reasons. First, there is no indication in the record that Ms. Ricks ever asked the trial court to appoint her counsel. Accordingly, there is no adverse ruling for this Court to address on appeal. Second, this Court has previously dealt squarely with this issue. It is well settled that there is no Sixth Amendment right to counsel in a civil matter. Ellis v. Reliable Skycap, L.L.C., 10-117 (La.App. 5 Cir. 10/12/10), 50 So.3d 882. Had Ms. Ricks made such a request, the trial court would have properly denied it.
Additionally, a review of the record shows that Ms. Ricks engaged several attorneys on her behalf during the course of this case, thus showing that she was to a certain extent capable of finding and hiring an attorney on her own behalf. We find no merit to this assignment of error.

\ SECOND ASSIGNMENT OF ERROR— Sufficiency of proof of claim

Ms. Ricks next argues that her testimony alone should have been enough to establish that a workplace accident occurred. She argues that the trial court erred in finding that she failed to establish her claim.
Recently, in Ardoin v. Firestone Polymers, L.L.C., 56 So.3d 215, 2010-0245 (La.1/19/11), at 218-219, the Louisiana Supreme Court succinctly reiterated the burdens of proof and standards of review in workers’ compensation cases as follows:
A worker in a compensation action must establish “personal injury by accident arising out of and in the course of his employment.” La.Rev.Stat. 23:1031(A). An accident is “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” La. Rev.Stat. 23:1021(1). As in other civil actions, the plaintiff-worker in a compensation action has the burden of establishing a work-related accident. (Citations omitted.) An employee may prove by his or her testimony alone that an unwitnessed accident occurred in the course and scope of employment if the employee can satisfy two elements: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged accident. (Citations omitted.) As we noted in Bruno [Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992)], corroboration of the worker’s testimony may be provided by the testimony of fellow workers, spouses, or friends, or by medical evidence. (Citations omitted.)
In Bruno, the Supreme Court cautioned that, in determining whether the plaintiff-worker has discharged his or her burden of proof, the fact-finder “should accept as true a witness’s uncontradicted testimony, although the witness is a party, absent ‘circumstances casting suspicion on the reliability of this testimony.’ ” Bruno, 593 So.2d at 361. The fact-finder’s determinations as to whether the worker’s testimony is credible and whether the worker has discharged his burden |aof proof are factual determinations that should not be disturbed on appellate review unless clearly wrong or manifestly erroneous. Id.
It is well-settled that a reviewing court may not disturb the factual findings of the *389 trier of fact in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1979). The Supreme Court in Arceneaux set forth a two-part test for the appellate review of facts: (1) the appellate court must find from the record that there is a reasonable factual basis for the finding of the trial court, and (2) the appellate court must further determine that the record establishes the finding is not clearly wrong or manifestly erroneous. Arceneaux, 365 So.2d at 1333. If the trial court’s findings are reasonable in light of the record reviewed in its entirety, the appellate court may not reverse. Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990). Consequently, when there are two permissible views of the evidence, the fact-finder’s choice between them cannot be manifestly erroneous. Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 883 (La.1993); Sistler, 558 So.2d at 1112.
Turning to the record before us, we find no manifest error in the trial court’s conclusion that Ms. Ricks failed to sustain her burden of proof. Ms. Ricks’ credibility was severely damaged by her own testimony, which was extremely evasive. When asked about her prior and subsequent employment histories and her prior and subsequent medical histories, Ms. Ricks’ most common response to opposing counsel’s questions was “I can’t remember.” She also claimed that she could not understand his questions. Her next most common response was to object to the relevance of opposing counsel’s questions. She objected to answering almost all questions of opposing counsel that did not specifically deal with the events of her alleged accident of December 13, 2004. Her inability to remember |Balmost any information about her employment history or her medical history, coupled with her initial refusal to answer questions she found irrelevant and objectionable, reached almost obstructionist levels. We note that the trial court exhibited great patience with Ms. Ricks, explaining to her fully why her objections to the relevance of certain questions were misplaced or without merit. More than once, when the trial court explained why her objection was overruled and instructed her to answer a question she found objectionable based on her interpretation of relevance, her next response would be a failure to remember the information or understand the question.
As pointed out by the defendant in brief, those times when Ms. Ricks did remember enough to answer specific questions about her medical history, she was often impeached. For example, Ms. Ricks testified that she could not remember if she had any complaints of pain in her lower back or treatment for such prior to her employment with Odyssey. She could also not remember if she had any motor vehicle accidents that might have caused a lower back injury. She denied having any complaints of lower back pain dating back to February of 1994. Yet, her testimony regarding back pain and prior treatment was impeached by the introduction of her medical records from Dr. Thuy Tuong Nguyen and Ochsner Clinic, which documented treatment for lower back pain in February of 1994. Further, Ms. Ricks’ medical records from Meadowcrest Hospital showed treatment for lower back pain on April 6, 2002 following a motor vehicle accident.
Ms. Ricks denied receiving any treatment to her lower back in the year preceding her alleged job accident (2003-2004). The records of her chiropractor, Dr. Mary Norman, however showed twelve visits during 2003-2004 for treatment of her lower back in which Dr. Norman additionally restricted her ability to work.
*390 |7Ms. Ricks’ recollection of her work history was likewise impeached. She denied being disciplined by Odyssey around the date of her alleged accident, yet her employment records show that she was reprimanded for submitting improper mileage and for changing the schedules of patients. After working a light duty job for several days following her alleged accident, Ms. Ricks was fired by Odyssey for excessive absences. Ms. Ricks was next employed by River Region Hospice from April of 2005 through July of 2005 where she was again fired for excessive absences.
The record shows that Ms. Ricks applied for a position with Green Acres as a certified nursing assistant on March 2, 2007, a position she accepted in writing on March 6, 2007. On the next day, March 7, 2007, she was examined by a Dr. Barrash, claiming that her pain level was 10 out of 10. Dr. Barrash’s records do not indicate that Ms. Ricks informed the doctor that she had been hired by Green Acres the day before. She further denied ever lifting a patient by herself at Green Acres, but was confronted with the fact that she claimed a workers’ compensation accident while employed at Green Acres for lifting a patient by herself. On her employment application with Green Acres, Ms. Ricks failed tp list Odyssey or River Region Hospice on her job application.
This assignment of error is without merit.

CONCLUSION

After carefully considering the entirety of the record in this proceeding, particularly the above-described testimony, and the applicable law, we find first that there was no error in the trial court’s failure to appoint counsel on Ms. Ricks’ behalf, and second that there was no manifest error in the trial court’s judgment |sthat found Ms. Ricks failed to sustain her burden of proof regarding the occurrence of a work-related accident. The judgment of the trial court is accordingly affirmed.

AFFIRMED

. The judgment further shows that the workers’ compensation judge referred the matter to the court’s fraud unit.

. Ms. Ricks appears in this proceeding in proper person. Her brief failed to list assignments of error per se.

. In the pleadings, the defendant is often referred to as "Odyssey Healthcare, Inc."