FREDERICKA HOMBERG WICKER, Judge.
12Uniforms by Kajan, Inc., defendant, appeals an October 7, 2012 judgment finding it liable for medical expenses, temporary total disability benefits, penalties, and attorney’s fees. For the following reasons, this Court dismisses this appeal for lack of jurisdiction and remands this matter to the trial court for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY

Rose Perrilloux, claimant, reported for work on the morning of January 15, 2008 at the defendant employer’s store. Ms. Perrilloux was the first person to open the store that morning and was alone. Shortly thereafter, a man entered and robbed the store. Ms. Perrilloux alleges that she was injured during this robbery. On March 5, 2008, claimant filed a disputed claim for workers’ compensation. A trial on that claim was held on July 7, 2011.
On October 7, 2011, the trial court entered a judgment finding that Ms. Perril-loux was accidentally injured during the course and scope of her employment | swith defendant. In relevant part, it held that as a result of these injuries, claimant was entitled to temporary total disability benefits from January 15, 2008 through the present and continuing, in the amount of $266.67 per week, in accordance with law while claimant is disabled. That judgment also assessed $8,000 for “multiple penalties for ... all violations” and $12,000 for attorney’s fees.
On October 14, 2011, Ms. Perrilloux filed a motion for new trial “solely on the issues of whether the employer was uninsured at the time of the accident, and as a result, whether the amount of weekly benefits shall be increased by fifty percent [ ], pursuant to La. R.S. 23:1171.2.” On December 2, 2011, the trial court held a hearing on this motion during which the parties addressed the merits of Ms. Perrilloux’s claim raised in her motion for new trial. Following this December 2, 2011 hearing, the trial court took the motion under advisement. On January 6, 2012, the trial court granted this motion for the purposes of argument only. This grant made no finding on the merits; it merely allowed the new trial to take place.[1] The record contains no evidence that the trial court ever ruled on the merits of the claim raised in this motion after taking the matter under advisement.[2]
Although the trial court had not yet ruled on the merits of the claim raised on the motion for new trial, on January 9, 2012, the trial court granted this appeal of the October 7, 2011 judgment.[3] This ap *270 peal was originally granted as a suspensive appeal. Later, on January 31, 2012, the court both: converted the appeal to be devolutive; and entered and mailed an “Amended Judgment” which again granted |4the motion for new trial for argument only, again failing to rule on the merits of the claim raised.

DISCUSSION

This Court is vested with jurisdiction to decide devolutive appeals on the granting of the order of appeal. La. C.C.P. art. 2088. An order of appeal is premature, if it is granted before “the court disposes of all timely filed motions for new trial ...” La. C.C.P. art. 2123(C) (for suspensive appeals), La. C.C.P. art. 2087(D) (for devolu-tive appeals). The question faced by this Court is whether Ms. Perrilloux’s motion for new trial has been “disposed of’ after the trial court conducted a hearing during which the parties argued the merits of the motion before it, and after the trial court took the matter under advisement, but before the trial court ruled on the merits raised in the motion for new trial and rendered a judgment on the merits.
This Court finds that as the trial court has not ruled upon the merits of Ms. Per-rilloux’s motion for new trial, the order of appeal in this case was premature. Therefore, jurisdiction has not vested in this Court. This appeal is dismissed. The matter is remanded to the trial court for further proceedings consistent with this opinion.

APPEAL DISMISSED

. The hearing on the merits had actually already taken place on December 2, 2011.

. The trial court stated in its Reasons for Judgment on December 7, 2011, that the enhanced fifty percent penalty for lack of insurance would be awarded. This statement however, in the trial court’s reasons for judgment, is not a ruling. La. C.C.P. art. 1918; Dufresne v. Dufresne, 10-963, p. 6 (La.App. 5 Cir. 5/10/11), 65 So.3d 749, 754 (reasoning that a trial judge’s reasons for judgment are not controlling and do not constitute the judgment of the court).

.This January 9, 2012 order states that it grants an appeal from the December 7, 2011 judgment. This is apparently a clerical error. On December 7, 2011, the workers' compen *270 sation court issued reasons for its October 7, 2011 judgment.