MARC E. JOHNSON, Judge.
12Pefendants/Appellants, Global Construction and its compensation carrier, Louisiana Commerce & Trade Association-Self Insurer’s Fund, (hereinafter collectively referred to as “Global”), appeal the workers’ compensation judge’s findings and awards in favor of Plaintiff/Appellee, Kerwinn Temple, from the Office of Workers’ Compensation, District “7”. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
The following pertinent facts are adduced from the pleadings and record.
Mr. Temple was an employee of Global on February 26, 2011. Global provided labor in converting the Mandeville Street Wharf to a tourism facility. While working in the early morning hours, Mr. Temple fell or stepped off of a “pick board” or concrete support underneath the wharf, while accessing a concrete pier support. Mr. Temple injured his left elbow and his back in the fall. Craig Rink, Mr. Temple’s supervisor, took Mr. Temple to the hospital after the fall.
| oOn July 8, 2011, Mr. Temple filed his Disputed Claim for Compensation. In the claim, Mr. Temple alleged he injured his back and left elbow “while trying to secure roofing.” Mr. Temple verified that no wage benefits had been paid to him and no medical treatment was authorized by his employer. In his amended claim filed on July 18, 2011, Mr. Temple provided that he injured his left elbow, low back, neck, left hip and left leg on cement piling while walking down a pick board.
The trial on the merits was held on September 7, 2012, and the record was left open until September 27, 2012 for post-trial submissions. In her judgment rendered on October 23, 2012, the trial judge ordered Global to pay Mr. Temple temporary total disability benefits in the amount of $579.00 per week, retroactive to February 26, 2011 through the date of judgment, for a total of $49,794.00 together with legal interest; Global was ordered to continue to pay Mr. Temple temporary total disability benefits until modification; Global was given a credit of $384.00 for past indemnity paid; Global was ordered to pay Mr. Temple’s medical expenses and was ordered to approve and pay for recommended injections; Global’s La. R.S. 23:1208 and 1208.1 claims were denied; and Global was ordered to pay Mr. Temple $8,000.00 in penalties and $10,000.00 in attorney fees pursuant to La. R.S. 23:1201(1).
The instant appeal followed that judgment.
ASSIGNMENTS OF ERROR
On appeal, Global raises the following assignments of error: 1) the workers’ compensation judge erred as a matter of law by not correctly applying the burden that Mr. Temple had to prove immediate objective findings that the workplace accident produced the alleged injury; and 2) the workers’ compensation judge erred as a matter of law by summarily awarding penalties and attorney fees pursuant to La. R.S. 23:1201(1).
FLAW AND ANALYSIS

Burden of Proof

Global alleges the trial judge did not apply the correct legal standard in *707 concluding that Mr. Temple proved entitlement to workers’ compensation benefits and failing to cite La. R.S. 23:1021(1). Global argues that Mr. Temple failed to prove any immediate objective medical findings of his injuries, despite the fact that Mr. Temple injured himself during a fall on concrete. Global contends that an objective medical finding of a bruise or a mark of some type on Mr. Temple’s back should have been visible during his first couple of medical examinations, especially during his first emergency room visit. Global further contends the only positive objective medical finding for Mr. Temple was an MRI performed on April 14, 2011, which showed a pre-existing degenerative finding that pre-dated Mr. Temple’s February 26, 2011 fall and does not show impingement that would account for Mr. Temple’s subjective complaints. As such, Global concludes that Mr. Temple failed to prove a back injury as required by La. R.S. 23:1021(1).
Conversely, Mr. Temple argues the trial judge properly applied the correct legal standard in that objective medical findings are cited throughout the Written Reasons. Mr. Temple asserts the record supports the trial judge’s findings in that every single doctor that he has seen since his February 26, 2011 workplace accident has opined that he injured his back on the date in question. Additionally, Mr. Temple asserts that no medical evidence was presented to indicate that he suffered from a pre-existing back condition prior to his workplace accident. Furthermore, Mr. Temple notes that in order for him to be entitled to receive workers’ compensation benefits, he only needed to prove by a preponderance of the evidence that a work-related accident occurred and that an injury was sustained. Mr. Temple contends that he sufficiently discharged his burden.
Is An employee seeking workers’ compensation benefits must prove “personal injury by accident arising out of and in the course of his employment.” La. R.S. 23:1031(A). The Louisiana Workers’ Compensation Act defines an accident as “an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” La. R.S. 23:1021(1). Where the employee is able to identify an event marking the time the injury occurred or the symptoms arose or suddenly or markedly increased in severity, even if such event occurs during the performance of customary or routine work activities, the employee has established an “accident” within the meaning of La. R.S. 23:1021(1). Begue v. Crossover, Inc., 03-267 (La.App. 1 Cir. 11/21/03); 868 So.2d 100, 105.
The employee in a workers’ compensation action has the burden of proving a work-related accident by a preponderance of the evidence. Marange v. Custom Metal Fabricators, Inc., 11-2678 (La.7/2/12); 93 So.3d 1253, 1257. An employee may prove that an unwitnessed accident occurred in the course and scope of his employment by his testimony alone if the employee can prove (1) no other evidence discredits or easts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. Id. Corroboration of the worker’s testimony may be provided by the testimony of fellow workers, spouses, or friends, or by medical evidence. Ardoin v. Firestone Polymers, L.L.C., 10-245 (La.1/19/11); 56 So.3d 215, 219.
In determining whether a worker has discharged his burden of proof, the *708 fact-finder “should accept as true a witness’s uncontradicted testimony, although the witness is a party, absent ‘circumstances casting suspicion on the reliability of Ifithis testimony.’ ” Marange, supra. The fact-finder’s determination as to whether the worker’s testimony is credible and whether the worker has discharged his burden of proof are factual determinations that should not be disturbed on appellate review, unless clearly wrong or manifestly erroneous. Marange, 11-2678; 93 So.3d at 1257-58. If the trial court’s findings are reasonable in light of the entirety of the record, the appellate court may not reverse. Ricks v. Odyssey Health Care, 10-1099 (La.App. 5 Cir. 10/25/11); 77 So.3d 386, 389. Consequently, when there are two permissible views of the evidence, the fact-finder’s choice between them cannot be manifestly erroneous. Id.
In the present case, Mr. Temple claimed he sustained injuries to his back and left elbow during a fall on a slab of concrete underneath the wharf on February 26, 2011. Although no one testified to actually witnessing the accident occur, Brian Rick-son, a fellow employee of Mr. Temple, testified that he and another employee, Mr. Gregory Martin, helped pick up Mr. Temple from the ground after the accident and helped Mr. Temple walk back to the barge. In a written statement dated February 28, 2011, Mr. Martin also stated that he helped pick Mr. Temple up after his fall. No evidence was presented to discredit Mr. Temple’s version of the occurrence of the accident.
Dr. Geoffrey Smith, an emergency room physician at West Jefferson Medical Center, testified that he examined Mr. Temple on February 26, 2011. During that examination, Mr. Temple indicated that his back was non-tender without deformity or spasm, and there was no sign of contusion. Dr. Smith diagnosed Mr. Temple with a back strain and stated that there was no reason to doubt Mr. Temple’s subjective complaints of pain.
Mr. Temple followed up his emergency room examination with a visit to Dr. Brian Bourgeois, a physician practicing occupational and industrial medicine, on 17March 1, 2011. Mr. Temple had reported pain primarily in his lower back. Dr. Bourgeois’ examination showed tenderness along both iliac crests, but no bruising or abrasions were visible on Mr. Temple’s back. However, Dr. Bourgeois did testify that Mr. Temple had a very small abrasion on his left elbow, but it was not swollen and had a normal range of motion. Dr. Bourgeois diagnosed Mr. Temple with a back strain and abrasion and contusion to his left elbow. Dr. Bourgeois released Mr. Temple to light duty on that visit.
Mr. Temple visited Dr. Bourgeois again on March 4, 2011 and March 14, 2011. On the March 4th visit, Dr. Bourgeois had no new findings and still diagnosed Mr. Temple with a back strain. At the March 14th visit, Dr. Bourgeois noted that Mr. Temple reported having varying pain degrees, yet, the exam was negative. As a result, Dr. Bourgeois noted that Mr. Temple would need an MRI. Dr. Bourgeois did not assign any physical restrictions to Mr. Temple on that visit. Mr. Temple did not return to Dr. Bourgeois after March 14th.
On November 3, 2011, Mr. Temple saw Dr. Alan Kaye for pain management. Dr. Kaye testified that Mr. Temple had four symptoms: left elbow pain, left shoulder pain, lower back pain, and left leg numbness. Dr. Kaye noted Mr. Temple had severe bilateral facet loading pain and had a very pure and precise Si distribution when lifting his left leg. Dr. Kaye also testified that Mr. Temple’s MRI showed an SI nerve root impingement or stenosis or foraminal narrowing. Dr. Kaye believed that Mr. Temple’s pinched nerve *709 and bulging disc were related to Mr. Temple’s February 26, 2011 accident, and that Mr. Temple’s complaints coincided with what he read in the MRI report.
Mr. Temple’s medical reports from Dr. Ralph Gessner, an orthopedic surgeon, were admitted into evidence. The first medical report dated March 21, 2011 indicated Mr. Temple presented with an injury to his lower back from anj^injury on February 26, 2011. During that visit, Mr. Temple gave a history of a lower back injury from twenty years prior. Dr. Gess-ner noted Mr. Temple’s limited range of motion and spasm in the lumbar spine, and he restricted Mr. Temple’s activities. In several subsequent visits, Dr. Gessner noted Mr. Temple’s continuous low back pain and spasms. Dr. Gessner did not relate the injuries complained of on March 21st to the injury Mr. Temple had twenty years ago.
From the evidence presented at trial, we do not find the trial judge was manifestly erroneous in finding Mr. Temple discharged his burden of proof that he sustained injuries from an accident while working on the job on February 26, 2011. Mr. Temple’s testimony was not discredited, and the circumstances following the accident were corroborated by Mr. Rick-son’s testimony and Mr. Martin’s written statement. Furthermore, the medical evidence presented established objective findings that Mr. Temple had a back strain from his fall on February 26, 2011. Therefore, we will not disturb the trial judge’s findings.

Penalties and Attorney fees

Global alleges the trial judge committed legal error in imposing penalties and fees under La. R.S. 23:1201(1). First, Global avers Mr. Temple failed to prove his back injury. Second, Global avers that, even with Mr. Temple visiting numerous doctors, there remained a rational basis for it to conclude that benefits were not owed to him because of a lack of immediate objective findings of an injury. In addition, Global contends Mr. Temple was offered light-duty in accordance with Dr. Bourgeois’ work-release of Mr. Temple, but Mr. Temple refused to return to work. Thus, Global asserts that its basis for defending this case was not unreasonable and did not disregard the facts and circumstances presented.
Mr. Temple argues Global did not have a reasonable basis on which to controvert Mr. Temple’s claim for compensation. Mr. Temple asserts that, despite |flDr. Bourgeois’ interpretation of his condition, other doctors found him to be suffering from an objectively diagnosed back pain that rendered him unable to work. Mr. Temple notes that, while Dr. Bourgeois did state that he could perform light-duty work at his initial visit, Dr. Bourgeois restricted him from all work activity during his final visit and opined an MRI was necessary. Hence, under the manifest error standard of review, the trial judge’s awards should be left undisturbed.
La. R.S. 23:1201(1) provides,
Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of a penalty not to exceed eight thousand dollars and a reasonable attorney fee for the prosecution and collection of such claims. The provisions as set forth in R.S. 23:1141 limiting the amount of attorney fees shall not apply to cases where the employer or insurer is found liable for attorney fees under this Section. The provisions as set forth in R.S. 22:1892(C) shall be applicable to claims arising under this Chapter.
*710 In Williams v. Rowe-Treaudo, 11-46 (La.App. 5 Cir. 9/27/11); 75 So.3d 502, 508, this Court held the following regarding failure to pay workers’ compensation benefits:
When an employer has failed to pay worker’s compensation benefits, the proper standard for review of that decision is whether the employer reasonably controverted the claim. A claim for worker’s compensation is reasonably controverted if the employer has some valid reason or evidence upon which to base his denial of benefits. Thus, to determine whether the claimant’s right to benefits has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under LSA-R.S.23:1201, a court must ascertain whether the employer engaged in a non-frivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay the benefits allegedly owed. Whether the refusal to pay benefits warrants the imposition of penalties and attorney fees is a factual question, which we will not disturb in the absence of manifest error. (Citations omitted).
| mHere, Global raised defenses under La. R.S. 23:1208 and 1208.1 for denying Mr. Temple’s benefit claims. The trial judge found both of those claims to be meritless and found the refusal of Mr. Temple’s benefits to be arbitrary and capricious. The trial judge awarded Mr. Temple $8,000.00 in penalties and $10,000.00 in attorney fees pursuant to La. R.S. 23:1201(1).
During her testimony, Michelle Hebert, the owner of Global, stated that she stopped paying Mr. Temple’s benefits after he was released to light-duty by Dr. Bourgeois, was offered light-duty work, and denied it. Yet, Ms. Hebert could not testify as to who actually spoke with Mr. Temple to inform him of the light-duty work offer or the date of the offer. Later during the testimony, Ms. Hebert testified that she could not recall why she stopped paying Mr. Temple’s benefits, and the payments may have been “overlooked.”
After review of the evidence presented, we cannot find the trial judge was manifestly erroneous in finding Global’s refusal to pay Mr. Temple’s benefit claims was arbitrary and capricious. Therefore, we cannot find the trial court was manifestly erroneous in awarding the penalties and attorney fees.
DECREE
For the foregoing reasons, we affirm the workers’ compensation judge’s findings, penalties and awards in favor of Kerwinn Temple and against Global Construction and the Louisiana Commerce & Trade Association-Self Insurer’s Fund. Global Construction and the Louisiana Commerce & Trade Association-Self Insurer’s Fund are assessed the costs of this appeal.

AFFIRMED