STEPHEN J. WINDHORST, Judge.
| ¡..Claimant, Jose Mendez, appeals from a judgment rendered by the workers’ compensation court finding that Mendez failed to prove that his psoriatic arthritis was caused by his work-related accident, and therefore, he was not entitled to compensation for his condition. For the reasons that follow, we affirm the decision of the Office of Workers Compensation (OWC).
Mendez was employed by the Regional Transit Authority, TMSEL. He started working for the Transit Authority in December of 1978. In October of 1993, Mendez injured his back while lifting a power brake. He continued to work until August of 1998, when he underwent a disc fusion. A second surgery was performed in October of 1999. From the time of the accident and continuing up to trial, Mendez was also treated with medications and therapy for the back injury and also for anxiety which was caused by his medical condition. Mendez has not returned to work since his surgeries and he remains disabled to date.
Mendez testified that in 1994 or 1995, he started noticing a skin rash. Over time, it *354 worsened and caused big lesions on his body. Mendez stated that when he was fatigued or had back pain, the rash would flare up and get worse. For years, |3he was treated by a dermatologist for psoriasis. Eventually, it was discovered that his condition was caused by psoriatic arthritis.
In June of 2007, Mendez began treatment with Dr. Paul Hubbell, a pain management specialist. Dr. Hubbell opined that claimant’s psoriatic arthritis was not related to his work injury. However, he would defer to a rheumatologist as to its cause.
In early 2010, at Mendez’s request, Dr. Hubbell referred him to Dr. Espinoza, a rheumatologist. Dr. Espinoza took over treatment of claimant for both his psoriatic arthritis and his back pain, and this continued to the time of trial. Mendez’s treatment consists of Remicade administered through IV every 8 weeks for his psoriatic arthritis and pain medication for both. Mendez testified that his psoriatic arthritis is under control when he stays on the Remicade. Dr. Espinoza stated in his deposition that he believed that Mendez’s work-related injury caused his psoriatic arthritis to become more symptomatic. However, he also admitted that there were no objective findings to support this conclusion. Dr. Espinoza also admitted that he was not familiar with the circumstances and effects of Mendez’s work-related accident and claimant’s prior history.
Dr. Nejeeb Thomas, a neurologist, conducted a medical exam of Mendez at defendant’s request. Dr. Thomas concluded that Mendez’s main problem was pain, and that he would likely need pain management for the rest of his life. Dr. Thomas also stated that Mendez would need treatment for his psoriatic arthritis, which was unrelated to his workers’ compensation injuries.
In this appeal, Mendez contends that the OWC erred in failing to find that his work-related accident either caused or aggravated his psoriatic arthritis. He also requests penalties and attorney’s fees, claiming that the workers’ compensation carrier was arbitrary and capricious in its failure to pay.
14An injured employee is entitled to receive benefits for an injury that arises out of and in the course of his employment. La. R.S. 23:1031. In Hills v. McDonald’s, 12-673 (La.App. 5 Cir. 3/27/13), 112 So.3d 956, 960, we stated that:
The injured employee (the claimant) bears the initial burden of establishing the causal connection between his disability and the employment accident by a preponderance of the evidence. The claimant is not required to establish the exact cause of the disability; however, the claimant must demonstrate by a preponderance of proof that the accident had a causal connection with the disability. Proof by a preponderance of the evidence exists when the evidence, taken as a whole, shows the facts sought to be proved are more probable than not.
In the case before us, the OWC judge found that claimant, Mendez, had not met his burden of proof. In her reasons for judgment she evaluated the evidence of two of Mendez’s treating physicians, and found that the opinions of both physicians were speculative. Mendez’s pain management physician, Dr. Hubbell, stated that he did not find Mendez’s condition related to his injury, but that he would defer to a rheumatologist, who was an expert in that field. Mendez’s rheumatologist, Dr. Espinoza, found that the condition was work-related, but he admitted that he did not have initial medical records, so he did not know of Mendez’s condition prior to his treatment. The OWC judge also considered the opinion of Dr. Thomas, who evaluated Mendez’s medical condition. She *355 found Dr. Thomas’ opinion “quite clear; he said that the psoriatic arthritis was unrelated to the workers’ compensation injuries.”
In a workers’ compensation case, as in other cases, the appellate court’s review is governed by the manifest error or clearly wrong standard. Hotard v. Murphy, Rogers, Sloss & Gambel, 11-1143 (La.App. 5 Cir. 5/31/12), 97 So.3d 407, 411. Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. Whetstone v. Jefferson Parish Sch. Bd., 12-639 (La.App. 5 5Cir. 5/30/13), 117 So.3d 566, 569. Even though an appellate court may feel its own evaluations and inferences are more reasonable than those of the trier of fact, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Dawson v. Terrebonne Gen. Med. Ctr., 10-2130 (La.App. 1 Cir. 5/19/11), 69 So.3d 622, 627. If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Hills, supra at 961. Consequently, when there are two permissible views of the evidence, the fact-finder’s choice between them cannot be manifestly erroneous. Temple v. Global Const., 13-38 (La.App. 5 Cir. 5/23/13), 119 So.3d 704, 708.
Furthermore,
Experts’ testimony may be given different weights depending on their qualifications and the facts upon which their opinions are based. For example, the general jurisprudential rules are that a treating physician’s opinion is given more weight than a non-treating physician, and the testimony of a specialist is entitled to greater weight than a general practitioner. The trial court, however, is not bound to accept the testimony of an expert whose testimony is presumptively given more weight if he finds the opinion is less credible than that of other experts. As the supreme court explained in Middle Tennessee Council v. Ford, 274 So.2d 173, 177 (La.1973):
The weight to be given to the testimony of experts is largely dependent upon their qualifications and the facts upon which their opinions are based. However, the sincerity and honesty of the opinions expressed are matters which the trial judge is in a particularly advantageous position to determine. It is, in effect, in part, a question of credibility, and when the experts are widely disparate in their conclusions, the rule has special relevance.
Dawson v. Terrebonne Gen. Med. Ctr., 2010-2130 (La.App. 1 Cir. 5/19/11), 69 So.3d 622, 627 (citing Ponthier v. Vulcan Foundry, Inc., 95-1343 (La.App. 1st Cir.2/23/96), 668 So.2d 1315, 1317.)
| (¡In this case, the OWC judge specifically stated that Dr. Espinoza’s opinion as to the cause of claimant’s psoriatic arthritis was ambivalent and that his testimony was speculative and not definitive. She further found credible the opinion of Dr. Thomas, stating that his opinion was “quite clear” that the condition was not caused by the work-related injury. As a result, she ruled that Mendez had not borne his burden of proof. Based on the record before us, we do not find manifest error, or conclude that the OWC was clearly wrong in its determination that Mendez failed to carry his burden of proving that his psoriatic arthritis was casually connected to his prior work-related accident.
*356 For the above discussed reasons, the ruling of the OWC finding that claimant’s, Jose Mendez’s, psoriatic arthritis is not compensable, and that he was not entitled to attorney’s fees and penalties, is affirmed. Each party is assessed with its own costs.
AFFIRMED.