MARC E. JOHNSON, Judge.
| ¡¡Defendant/Appellant, Uniforms by Ka-jan, Inc. (hereinafter referred to as “Ka-jan”), appeals the award of workers’ compensation benefits, penalties and attorney’s fees in favor of Plaintiff/Appellee, Rose Perrilloux, rendered by the Office of Workers’ Compensation, District “7”. For the following reasons, we affirm the judgment.
FACTS AND PROCEDURAL HISTORY
On January 15, 2008, Mrs. Perrilloux reported to work, a store owned and operated by Kajan, to open it for the business day. Upon her arrival in the store, a man entered the store and robbed Mrs. Perril-loux with a knife of the cash located in the register. During the robbery, Mrs. Perril-loux sustained various injuries. Within minutes of the robbery, a co-owner of the store, Paulo Cassanova, arrived at the scene; however, he did not witness the robbery or the robber. Mr. Cassanova did not observe any injuries to Mrs. Perrilloux. The police were called, and a report was filed for the robbery. The investigating officer, Detective Brad Walsh, drafted the police report for the robbery, but he did not note any injuries suffered by Mrs. Perrilloux and no pictures were taken.
l.qOn March 5, 2008, Mrs. Perrilloux filed a Disputed Claim for Compensation against Kajan for injuries sustained during the course of the robbery, alleging Kajan failed to pay or timely pay indemnity benefits at the proper rate, failed to pay and/or *1030 authorize or timely pay and/or authorize medical expenses, and failed to provide or timely provide a copy of the medical records after written request. She also alleged she was entitled to total temporary disability and/or supplemental earnings benefits and/or total and permanent disability along with attorney’s fees, penalties and legal interest on all awards.
The trial on the merits was held on July 7, 2011. On October 7, 2011, a judgment was rendered by the trial court. The trial court found Mrs. Perrilloux had experienced an accident during the course and scope of her employment and had sustained physical and mental injuries as a result of that accident. The trial court also found Mrs. Perrilloux was entitled to total temporary disability benefits; payment of medical expenses, medication expenses, and transportation expenses; and multiple penalties for violations, attorney’s fees, interests and costs.
On October 14, 2011, Mrs. Perrilloux filed a Motion for New Trial on the sole issue of whether Kajan was uninsured at the time of the accident, which would entitle her to a 50% increase in the amount of weekly compensation benefits. The hearing for the motion was held on December 2, 2011, and the motion was taken under advisement. The trial court issued Reasons for Judgment on December 7, 2011, which listed 21 findings of fact. The findings of fact included a finding that Mrs. Perrilloux was entitled to an increase in benefits, which was requested in the Motion for New Trial. Although the trial court had not rendered a ruling on Mrs. Perrilloux’s motion, it granted Kajan’s Motion for Appeal on January 9, 2012. In an Amended Judgment rendered on January 31, 2012, the trial court granted the [¿Motion for New Trial for the sole purpose of determining whether Kajan was uninsured at the time of the accident.
In Perrilloux v. Uniforms by Kajan, Inc., 12-413 (La.App. 5 Cir. 12/18/12); 106 So.3d 268, reh. denied, (La.App. 5 Cir. 2/15/13), this Court dismissed Kajan’s appeal on the basis that the trial court had not ruled upon the merits of Mrs. Perril-loux’s Motion for New Trial, and the matter was remanded to the trial court. In an Amended Judgment dated December 27, 2012, the trial court entered a judgment on the Motion for New Trial and awarded Mrs. Perrilloux an additional 50% of indemnity benefits due to the fact that Kajan did not have workers’ compensation insurance on the date of Mrs. Perrilloux’s accident. The instant appeal followed.
ASSIGNMENTS OF ERROR
On appeal Kajan raises the following assignments of error: 1) the trial court erred in finding Mrs. Perrilloux proved any of her injuries (mental and physical) and her disability by the appropriate standard of proof; 2) the trial court committed a legal error in not applying La. R.S. 23:1142 to the bills of the treating physicians; 3) the trial court committed a legal error in failing to consider the job offered to Mrs. Perrilloux by Kajan as work that she was able to do per her admission; and 4) the trial court erroneously assessed penalties and attorney’s fees.
LAW AND ANALYSIS

Proof of Accident and Injuries

Kajan alleges the trial court erred in finding Mrs. Perrilloux proved by a preponderance of the evidence she had an accident at work and suffered a mental compensable injury. Kajan avers that the circumstances surrounding the robbery tend to cast serious doubts about Mrs. Perrilloux’s version of the events, which means she failed establish an accident occurred. Kajan contends that Mrs. *1031 IflPerrilloux’s recitation at trial of the way the robbery occurred was inconsistent and could not have possibly established the existence of an accident by preponderance of the evidence. Kajan further avers that the lack of pictures of Mrs. Perrilloux’s face, the absence of any notation of injuries in the police report, and the failure of the testimonies by Detective Walsh and Mr. Cassanova to corroborate any injuries Mrs. Perrilloux sustained on the day of the incident discredited her testimony. According to Kajan, because Mrs. Perril-loux’s credibility regarding the occurrence of the robbery is questionable, then her physical and mental injuries complained of to the treating physicians are also questionable because Mrs. Perrilloux lacks credibility.
Mrs. Perrilloux asserts the trial court’s rulings should be affirmed because the findings were based upon credibility determinations. She maintains that due to her documented memory problem, she could not testify as to every specific detail of the robbery; however, the testimony of Mr. Cassanova corroborated her testimony that a robbery occurred at the store. Thus, Mrs. Perrilloux contends there was no evidence presented that discredited or seriously casted any doubt on her testimony that she experienced an accident while on the job. Additionally, she avers that the medical evidence presented at trial proved that she sustained physical and mental injuries causally related to the robbery. Because the findings of the trial court were reasonably grounded upon the evidence presented, the trial court’s rulings that Mrs. Perrilloux experienced an accident that occurred at her workplace and sustained injuries from that accident are not manifestly erroneous.
An employee seeking workers’ compensation benefits must prove “personal injury by accident arising out of and in the course of his employment.” La. R.S. 23:1031(A). The Louisiana Workers’ Compensation Act defines an accident as “an unexpected or unforeseen actual, identifiable, precipitous event happening | ^suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.” La. R.S. 23:1021(1). Where the employee is able to identify an event marking the time the injury occurred or the symptoms arose or suddenly or markedly increased in severity, even if such event occurs during the performance of customary or routine work activities, the employee has established an “accident” within the meaning of La. R.S. 23:1021(1). Begue v. Crossover, Inc., 03-267 (La.App. 1 Cir. 11/21/03); 868 So.2d 100, 105.
The employee in a workers’ compensation action has the burden of proving a work-related accident by a preponderance of the evidence. Marange v. Custom Metal Fabricators, Inc., 11-2678 (La.7/2/12); 93 So.3d 1253, 1257. An employee may prove that an unwitnessed accident occurred in the course and scope of his employment by his testimony alone if the employee can prove (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. Id. Corroboration of the worker’s testimony may be provided by the testimony of fellow workers, spouses, or friends, or by medical evidence. Ardoin v. Firestone Polymers, L.L.C., 10-245 (La.1/19/11); 56 So.3d 215, 219.
In determining whether a worker has discharged his burden of proof, the fact-finder “should accept as true a witness’s uneontradicted testimony, although the witness is a party, absent ‘circum *1032 stances casting suspicion on the reliability of this testimony.’ ” Marange, supra. The fact-finder’s determination as to whether the worker’s testimony is credible and whether the worker has discharged his burden of proof are factual determinations that should not be disturbed on appellate review, unless clearly wrong or manifestly erroneous. Marange, 93 So.3d at 1257-158. If the trial court’s findings are reasonable in light of the entirety of the record, the appellate court may not reverse. Ricks v. Odyssey Health Care, 10-1099 (La.App. 5 Cir. 10/25/11); 77 So.3d 386, 389. Consequently, when there are two permissible views of the evidence, the fact-finder’s choice between them cannot be manifestly erroneous. Id.
The trial court in this matter held that Mrs. Perrilloux was injured by an accident during the course and scope of her employment with Kajan on January 15, 2008. The trial court also held Mrs. Perrilloux sustained work-related injuries to her face, left knee, and hip, and suffered headaches and psychological injuries, in particular, post-traumatic stress disorder. Mrs. Per-rilloux was awarded temporary total disability benefits dating back to January 15, 2008. In its Reasons for Judgment, the trial court found that Mr. Cassanova’s testimony corroborated the occurrence of the robbery and verified Mrs. Perrilloux’s credibility, despite the conflicting testimony as to the facts concerning the occurrence of the robbery and the connection to Mrs. Perrilloux’s injuries. The trial court specifically noted Mr. Cassanova’s testimony that Mrs. Perrilloux would not be involved in an “inside job,” and she was “one of the better managers” that “was always on top of her goods and everything.” Mrs. Perrilloux was found to be a credible witness with documented memory problems. The trial court also found that Mrs. Perril-loux met the burden of proof to establish that the mental and physical injuries were causally related to the robbery.
After review, we do not find the trial court was erroneous in finding Mrs. Perril-loux met her burden of proof that she experienced a work accident that caused her to have physical and mental injuries. The trial court considered the evidence presented and found Mrs. Perrilloux to be a credible witness. Because the trial court found Mrs. Perrilloux and her account of the robbery to be credible, |swe cannot find the trial court was manifestly erroneous and will not disturb its factual determination.

Payment of Medical Bills

Kajan alleges the trial court erred in failing to apply La. R.S.23:1142 to the payments of Mrs. Perrilloux’s medical bills. Kajan argues that Dr. Edmond Wood, Dr. Frederic Henderson and Dr. Jirina Fiala failed to request pre-authori-zation for treatments as required by law. Because the services received by Mrs. Per-rilloux by those physicians were non-emergency treatments, Kajan contends that each of the medical bills for those doctors should have been limited in liability to $750.00.
Mrs. Perrilloux argues the trial court correctly applied La. R.S. 23:1142 through its application of Subsection E of the statute. She contends that no approval from the employer is required when there is a denial that the employee’s injury is com-pensable under the law. She argues the medical bills should not be limited to only $750.00 each because Kajan has continuously denied that the robbery even occurred. As such, Mrs. Perrilloux maintains that the treating physicians were not required to obtain pre-authorization for her treatments.
La. R.S. 23:1142 provides, in pertinent part:
*1033 B. Nonemergency care. (l)(a) Except as provided herein, each health care provider may not incur more than a total of seven hundred fifty dollars in non-emergency diagnostic testing or treatment without the mutual consent of the payor and the employee as provided by regulation. Except as provided herein, that portion of the fees for nonemergen-cy services of each health care provider in excess of seven hundred fifty dollars shall not be an enforceable obligation against the employee or the employer or the employer’s workers’ compensation insurer unless the employee and the payor have agreed upon the diagnostic testing or treatment by the health care provider.
* * *
D. Fees and expenses. If the payor has not consented to the request to incur more than a total of seven hundred fifty dollars for any and all nonemergen-cy diagnostic testing or treatment when such consent is required by this Section, and it is determined by a court having jurisdiction in an action brought either by the employee or the health care provider that the withholding of such consent was arbitrary |9and capricious, or without probable cause, the employer or the insurer shall be liable to the employee or health care provider bringing the action for reasonable attorney fees related to this dispute and to the employee for any medical expenses so incurred by him for an aggravation of the employee’s condition resulting from the withholding of such health care provider services.
E. Exception. In the event that the payor has denied that the employee’s injury is compensable under this Chapter, then no approval from the payor is required prior to the provision of any diagnostic testing or treatment for that injury.
In this matter, the trial court held that Mrs. Perrilloux was entitled to the payment of medical expenses, medication expenses, and transportation expenses. The trial court further found Kajan did not reasonably controvert Mrs. Perrilloux’s entitlement workers’ compensation benefits for the covered injuries, including medical benefits, medication expenses, diagnostic tests, arid transportation expenses.
After review, we find the trial court properly applied La. R.S. 28:1142 to the medical bills issued by Dr. Wood, Dr. Fía-la, and Dr. Henderson. Because Kajan has denied at the trial court level, and still insinuates to this Court, that a robbery may not have occurred, we find that Subsection E applies to this matter. Thus, no approvals of the pre-authorization requests for treatment with Drs. Wood, Dr. Henderson and Fiala were required. Therefore, we will not disturb the trial court’s determination on the payments of the medical bills.

Job Offer

Kajan alleges the trial court erred in failing to consider the job offer made by Kajan, which would have paid Mrs. Perril-loux the same salary she earned prior to the accident. Kajan claims that it offered Mrs. Perrilloux a job on April 2, 2008 that did not require her to stand all day or interact with the public. Kajan avers that although the job offer was never withdrawn, Mrs. Perrilloux never reported to work.
| inMrs. Perrilloux argues Kajan only made one job offer to her on July 14, 2008, not April 2, 2008. She contends that Dr. Wood had placed her on temporary total disability, meaning she could not accept Kajan’s job offer. Mrs. Perrilloux avers that Kajan’s job offer could only limit its indemnity if she was on some limited work status, not temporary total disability sta *1034 tus. As a result, Mrs. Perrilloux maintains the trial court was correct in not considering Kajan’s job offer.
As part of the determination of whether an employer has carried its burden under La. R.S. 23:1221(3)(c)(i) of proving work is available to the claimant, courts must consider all factors that affect the claimant’s ability to engage in the offered or available employment. Daugherty v. Domino’s Pizza, 95-1394 (La.5/21/96); 674 So.2d 947, 953. A claimant does not have to accept employment that involves an appreciable and significant risk to his well-being. Id.
After considering the medical evidence presented during trial, we find that Kajan failed to carry its burden that it offered suitable work for Mrs. Perrilloux. Since Mrs. Perrilloux was placed on temporary total disability during the time a job was actually offered to her, it would have been an appreciable and significant risk to her well-being to work any job.[1] Therefore, the trial court was proper in not considering Kajan’s job offer when determining Mrs. Perrilloux’s workers’ compensation benefits.

Penalties and Fees

Kajan alleges the trial court erred in assessing penalties and attorney’s fees against it because Mrs. Perrilloux’s testimony was so contradictory that it prevented a finding of an accident or injury within the meaning of the statute. Kajan asserts that it paid Mrs. Perrilloux her full workers’ compensation benefits |nuntil the time she hired an attorney and offered her a suitable job. Kajan further asserts that all but one of the pre-authorized medical treatments requested by Mrs. Perrilloux were approved and paid. Kajan contends that its actions certainly were not arbitrary or capricious, and the penalties and attorney’s fees awarded should be reversed.
Mrs. Perrilloux maintains that the trial court was correct in awarding penalties and attorney’s fees because Kajan was blatantly arbitrary and capricious in its denial of her workers’ compensation benefits, especially when Kajan terminated the benefits after she retained an attorney. She avers Kajan failed to reasonably controvert her requests to timely approve or pay for her medical treatments, which mandates both penalties and reasonably attorney’s fees for each violation.
La. R.S. 23:1201(1) provides,
Any employer or insurer who at any time discontinues payment of claims due and arising under this Chapter, when such discontinuance is found to be arbitrary, capricious, or without probable cause, shall be subject to the payment of a penalty not to exceed eight thousand dollars and a reasonable attorney fee for the prosecution and collection of such claims. The provisions as set forth in R.S. 23:1141 limiting the amount of attorney fees shall not apply to cases where the employer or insurer is found liable for attorney fees under this Section. The provisions as set forth in R.S. 22:1892(0 shall be applicable to claims arising under this Chapter.
In Williams v. Rowe-Treaudo, 11-46 (La.App. 5 Cir. 9/27/11); 75 So.3d 502, 508, this Court held the following regarding failure to pay workers’ compensation benefits:
When an employer has failed to pay worker’s compensation benefits, the proper standard for review of that deci *1035 sion is whether the employer reasonably controverted the claim. A claim for worker’s compensation is reasonably controverted if the employer has some valid reason or evidence upon which to base his denial of benefits. Thus, to determine whether the claimant’s right to benefits has been reasonably controverted, thereby precluding the imposition of penalties and attorney fees under LSA-R.S. 23:1201, a court must | ^ascertain whether the employer engaged in a non-frivolous legal dispute or possessed factual and/or medical information to reasonably counter the factual and medical information presented by the claimant throughout the time he refused to pay the benefits allegedly owed. Whether the refusal to pay benefits warrants the imposition of penalties and attorney fees is a factual question, which we will not disturb in the absence of manifest error.
(Internal citations omitted).
Here, the trial court found Kajan failed to reasonably controvert Mrs. Perrilloux’s entitlement to workers’ compensation benefits. Our review of Mr. Cassanova’s testimony supports the trial court’s conclusion. Mr. Cassanova did not possess the factual and/or medical information to counter Mrs. Perrilloux’s claims. Therefore, we do not find the trial court erred in assessing Ka-jan with the penalties and attorney’s fees provided for in La. R.S. 23:1201.

Answer to Appeal

Mrs. Perrilloux timely filed an Answer to this appeal, requesting additional attorney’s fees for the appellate work performed in this matter.
The court may award damages, including attorney’s fees, for a frivolous appeal against any party to the suit, as in its judgment may be considered equitable. La. C.C.P. art. 2164.
Although Kajan does not prevail on any of the issues raised in its appeal, we do not consider the appeal to be frivolous. Therefore, we do not find an award of attorney’s fees to be equitable and, thus, deny Mrs. Perrilloux’s request.
DECREE
For the foregoing reasons, we affirm the judgment of the trial court. The request for attorney’s fees for work performed on this appeal is denied. Kajan is assessed the costs of this appeal. ■

AFFIRMED.

. Although Kajan stated in a letter dated April 2, 2008 that a job had been offered to Mrs. Perrilloux, there is no evidence of a job offer with a description of the job until July 14, 2008.